## STATE v. RONALD J. KEISER.

143 N. W. (2d) 75.

June 3, 1966—No. 40,091.

*Alfred J. Weinberg* and *Bernard J. Bischoff,* for appellant.

*Robert W. Mattson,* Attorney General, *John C. Arko,* County Attorney, and *David Naughtin,* Assistant County Attorney, for respondent.

*William B. Randall* and *Henry W. Pickett, Jr.,* for Minnesota County Attorneys Association, amicus curiae.

MURPHY, JUSTICE.

The district court has certified to this court as important and doubtful certain questions which arose on the defendant's motion to suppress evidence. The defendant has been charged by indictment with the crime of murder in the first degree and on arraignment entered a plea of not guilty. He moved to suppress a confession allegedly given under the influence of fear and intimidation and coerced by promises and improper inducements. He represented that he was a psychotic, that he was unaware of the nature of the statements given, and that a knife allegedly used in the commission of the offense was removed from his home by an illegal search and seizure.

The certification inquires if the trial court has the power and jurisdiction to hear a motion to suppress and quash the alleged confession prior to trial and to determine whether or not it was voluntarily given. If the defendant is entitled to an evidentiary hearing on the issue of voluntariness, the court inquires as to where the burden of proof lies and the degree of the proof necessary to establish the voluntary character of the confession. The certification further inquires if, at the hearing on voluntariness, the defendant has the right to call police officers or other law-enforcement officers as adverse witnesses for cross-examination and whether the trial court has the power, upon motion, prior to trial, to order the state to furnish to the defendant a complete list of witnesses to be called by the state, for the purpose of use in voir dire examination.

■ The trial court certified these questions before our decision of State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, was filed. In that case, we pointed out that since Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. ed. (2d) 977, and Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, a great number of cases have reached this court for review attacking methods used in securing physical evidence by alleged unlawful searches and seizures, as well as confessions and admissions in the nature of confessions, which required that we outline procedures to facilitate disposition of constitutional problems with which district courts are faced at the time of trial. We therefore proposed an orderly procedure designed to protect the constitutional rights of defendants. After outlining the duty of the state, upon arraignment of the defendant, to disclose whether or not it intended to use in its prosecution the product of a search or seizure, or a confession or confessions or statements in the nature of confessions, and expressing the duty of the trial court with reference to advising defense counsel of the right to move to suppress the use of such material, we went on to say that if the defendant elects to contest the admissibility of the evidence upon constitutional grounds (272 Minn. 554, 141 N. W. [2d] 13):

"* * * [A] pretrial fact hearing on the admissibility of the evidence will be held in open court with the defendant present and represented or advised by counsel. Upon the record of the evidence elicited at the time of such hearing, a determination by the trial court as to whether the re-

ceipt of the evidence contested will vitiate defendant's constitutional rights will be made. It will be the obligation of the state to proceed first at such a hearing identifying the evidence which will be offered against the defendant and showing that the circumstances under which it was obtained were consistent with constitutional requirements."

The factors to be considered in determining whether a confession is valid are as outlined in State v. Taylor, 270 Minn. 333, 133 N. W. (2d) 828.

Rasmussen left open the procedures to be followed subsequent to the separate hearing on voluntariness. The procedure heretofore followed by this court as expressed in State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585; State v. Nelson, 199 Minn. 86, 271 N. W. 114; State v. Ellis, 271 Minn. 345, 136 N. W. (2d) 384, must be revised because it presents a hazard "that a jury permitted to decide both voluntariness and credibility will fail to reject a confession obtained by improper means when persuaded of the truth of it." State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 549, 141 N. W. (2d) 3, 10.[1] Jackson v. Denno, *supra,* permits the states to adopt one of two procedures in allocating the determination of the voluntariness of a confession as between the court and jury. Either procedure permits a clear-cut determination of the issue which satisfies

---

[1] The court, in Jackson v. Denno, 378 U. S. 368, 387, 84 S. Ct. 1774, 1786, 12 L. ed. (2d) 908, 922, said:

"* * * The admixture of reliability and voluntariness in the considerations of the jury would itself entitle a defendant to further proceedings in any case in which the essential facts are disputed, for we cannot determine how the jury resolved these issues and will not assume that they were reliably and properly resolved against the accused. And it is only a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant and which would permit the jury to consider the confession in adjudicating guilt or innocence.

\* \* \* \* \*

"It is difficult, if not impossible, to prove that a confession which a jury has found to be involuntary has nevertheless influenced the verdict or that its finding of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined."

Federal standards of due process. These alternative methods are discussed in recent, well-considered decisions: People v. Walker, 374 Mich. 331, 132 N. W. (2d) 87; State ex rel. Goodchild v. Burke, 27 Wis. (2d) 244, 133 N. W. (2d) 753. In these authorities, the Supreme Courts of Michigan and Wisconsin adopted for their jurisdictions the so-called "orthodox" rule for determining voluntariness as opposed to the "Massachusetts" rule. The orthodox rule provides for a separate hearing before the trial judge alone on the issue of voluntariness with a determination by him that is final. If the finding is that the confession is involuntary, that ends the matter and the confession never reaches the jury. If, on the other hand, the court determines that the confession was voluntarily made, it is admitted and the jury consideration is limited to its weight and credibility. The Massachusetts rule differs in that if the trial judge decides that the confession is voluntary, the jury considers the admitted confession and by its own deliberations, under instructions, may nevertheless find it to have been involuntarily given and thus disregard it completely. Both the Michigan and Wisconsin courts have criticized the Massachusetts rule as "a contradiction in terms" in that it permits the jury to "second-guess" the trial court on the issue of voluntariness when their determination should be limited to the weight and credibility of the confession. We agree with the Michigan and Wisconsin authorities and, as suggested in State v. Taylor, *supra,* adopt for Minnesota the orthodox procedure described in Jackson as one "under which the judge himself solely and finally determines the issue of voluntariness of the confession." 378 U. S. 378, 84 S. Ct. 1781, 12 L. ed. (2d) 916. We should only add that a complete record of such separate hearing should be made, following which the trial court should make and enter its findings so that there may be a proper record for review on appeal.

■ The next question presented is whether at the separate hearing the state should be required to establish voluntariness beyond a reasonable doubt or by a fair preponderance of the evidence. Innumerable authorities have considered this question with widely varying results.[2] In discussing this point it should be noted that in his dissenting opinion

---

[2] See Appendix A.

in Jackson, Mr. Justice Black pointed out that one of the disadvantages of the majority decision was that it failed to say anything about whether the prosecution had the burden of proving voluntariness beyond a reasonable doubt or by a preponderance of the evidence. Annotation, 1 A. L. R. (3d) 1251, 1258. The authorities seem to be agreed that the state has the burden of establishing voluntariness by direct and positive proof which excludes the hypothesis that the confession was procured by hope or fear. Each case must to a large extent be determined in light of its particular facts, and the court should look to the whole situation and surroundings of the accused, including all that occurred immediately prior to and at the time of making the confession as well as those factors referred to in State v. Taylor, *supra.* Since the trial court is necessarily vested with a wide discretion, we hesitate to lay down a hard-and-fast rule as to the burden of proof which should satisfy the judicial mind in all cases. In exercising this discretion, the trial court should keep in mind that our judicial system comprehends that the burden of proof shall be commensurate with the gravity of the sanctions imposed upon the defendant if the prosecution prevails.[3] In criminal actions proof of guilt is required beyond a reasonable doubt. Because of the persuasive character of a confession as evidence, it would seem only fair to say that on the issue of voluntariness a mere prima facie showing or a preponderance of the evidence should not satisfy the court. It should be conceded that, in many instances, the impact of a voluntary confession admitted in evidence is so devastating as to almost assure a verdict of guilty. Under such circumstances, the trial court takes an important part in making a fact determination. That being the case, it would seem to us that the evidence of voluntariness should be of such persuasive force as to satisfy the court to a moral certainty or beyond a reasonable doubt that the confession was voluntarily given. 23 C. J. S., Criminal Law, § 838, pp. 269 to 271; 20 Am. Jur., Evidence, §§ 536, 537.

The next inquiry is whether, at the hearing accorded the defendant, he has a right to call for cross-examination as adverse witnesses police or other law-enforcement officers who might be expected to testify

---

[3] McCormick, Evidence, § 321.

for the prosecution. It should be assumed that since the state has the burden of proof the defendant will have an opportunity to fully cross-examine witnesses who testify as to the circumstances under which the confession was given. It remains within the discretion of the trial court whether to permit defendant to call for cross-examination, as adverse witnesses, other persons who he contends in good faith have knowledge of the facts bearing upon the issue of voluntariness.

■ The certification next inquires if, upon motion by the defendant prior to trial, the court may be required to furnish a complete list of the state's witnesses for his use on a voir dire examination. In considering this point it should be noted that the only statutory provision relating to the disclosure of witnesses is found in Minn. St. 630.11, which provides that on arraignment on a felony the defendant shall be given a copy of the indictment, "including the list of witnesses endorsed on it or appended thereto." Under § 628.08 names of witnesses examined before the grand jury must be listed. We held in State v. Poelaert, 200 Minn. 30, 273 N. W. 641, that aside from this provision the state is not required to furnish the defendant with names of persons it intends to call as witnesses. Nevertheless, we observed that in some cases it might be important for the defendant to know whether some designated person was to be a witness in the case, in which circumstance the trial court should exercise its discretion in determining whether the state should divulge the names of prospective witnesses.

A motion for that purpose should be addressed to the discretion of the court. The authority for judicial discretion of the trial court in this area is found in the inherent power of the court to control admission of evidence so as to promote the interests of justice, and the determination by the trial court will not be disturbed except where the record establishes that it has been clearly abused.

Remanded to the district court.

APPENDIX A

DEGREE OF PROOF IMPOSED ON PROSECUTION

| Courts Considering the Question | No. of Cases | Prima Facie | Preponderance of Evidence | Clear | Beyond Reasonable Doubt | Other |
|---|---|---|---|---|---|---|
| 1. Alabama | 4 | | | 1 | 1 | 2 |
| 2. Arkansas | 2 | | 2 | | | . |
| 3. California | 1 | | | | 1 | |
| 4. Delaware | 1 | | | | | 1 |
| 5. Florida | 2 | | | 2 | | |
| 6. Georgia | 8 | 7 | | | 1 | |
| 7. Hawaii | 2 | | | | | 2 |
| 8. Illinois | 25 | | 5 | | | |
| 9. Kentucky | 1 | | | | 1 | |
| 10. Louisiana | 15 | | | | 12 | 3 |
| 11. Maryland | 6 | | | | | 6 |
| 12. Mississippi | 5 | | | | 5 | |
| 13. Nebraska | 7 | | | | | 7 |
| 14. New Jersey | 1 | | | | | 1 |
| 15. New Mexico | 1 | 1 | | | | |
| 16. New York | 2 | | | | 1 | 1 |
| 17. Pennsylvania | 1 | | | 1 | | |
| 18. Utah | 1 | | 1 | | | |
| 19. Wisconsin | 2 | | | | 2 | |
| Total Cases | 87 | 8 | 8 | 4 | 24 | 23 |
| Total States | 19 | 2 | 3 | 3 | 8 | 8 |

Notes:
1. Although there are 24 cases supporting the "beyond a reasonable doubt" test, 23 cases from 3 states have specifically stated that it should not be the test.

2. Of the 23 cases which have tried to articulate another test, 11 have stated voluntariness should be proved to the satisfaction of the court; 7 have stated that it should be enough proof to exclude a hypothesis of involuntariness; and 1 each have stated the test should be substantial evidence, more than a scintilla, and not clearly involuntary; and 2 have stated it should be direct and positive proof.