## STATE EX REL. LEE JORDAN HERSHENHORN
## v. RALPH H. TAHASH.

152 N. W. (2d) 790.

August 25, 1967—No. 40,224.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Theodore R. Rix,* Assistant County Attorney, for appellant. *Thomas Malone,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the District Court of Washington County

granting petitioner a writ of habeas corpus. In granting the writ, that court stated:

"The procedure followed by the trial court in determining the voluntariness of the confession offered in evidence at the trial did not afford a reliable determination of whether or not the confession was voluntary and did not adequately protect petitioner's right to be free of a conviction based upon a coerced confession. The procedure followed by the trial court violated the rights guaranteed petitioner by the Due Process Clause of the Fourteenth Amendment to the United States Constitution."

Accordingly, the Washington County District Court ordered that petitioner be delivered forthwith to the Hennepin County sheriff for a new trial in that county.

Appellant raises several issues as to whether the findings of fact and conclusions of law of the Washington County court were reasonably supported or justified by the evidence and whether the court erred in applying certain principles of law. It appears to us that the real issue for our determination is whether the procedure followed by the Hennepin County District Court in determining the voluntariness of petitioner's confession at his trial on a charge of third-degree murder protected his constitutional rights against use of a coerced confession. Although the Washington County District Court found that the procedure followed in the Hennepin County District Court was unconstitutional, it made no determination as to the voluntariness of petitioner's confession.

Petitioner was taken into custody on April 3, 1962, by law-enforcement officials of Minneapolis and charged by complaint with the crime of arson in the third degree alleged to have been committed on that date at the Library Hotel in Minneapolis. He was arraigned on April 9, 1962, in Hennepin County District Court on that charge, and on April 26, while represented by a public defender, entered a plea of guilty to the lesser offense of arson in the fifth degree. That plea was withdrawn several days later.

On April 29 and 30, 1962, petitioner was questioned by members of the arson squad of the Minneapolis Fire Department and a member of the University of Minnesota Police concerning a fire which occurred on

January 23, 1962, at 117 East 15th Street, also in Minneapolis. That fire damaged a building containing 18 apartments and caused the death of one of the tenants. Thereafter, while petitioner was awaiting trial on the charge of arson in the third degree resulting from the Library Hotel fire, the Hennepin County Grand Jury returned an indictment on May 15, 1962, charging him with murder in the third degree arising out of the death of John H. Roddy in the fire at 117 East 15th Street. He was arraigned the next day in Hennepin County District Court and entered a plea of not guilty to that charge. After jury trials he was found guilty of arson in the third degree, and of murder in the third degree. On October 26, 1962, he was sentenced to State Prison for a term not to exceed 15 years for the latter offense.

The conviction for third-degree arson is not before this court. However, interrogations were conducted by various police and fire officials concerning the third-degree murder charge while petitioner was held pending the outcome of the arson charge. It is these interrogations concerning the murder charge that led to the purported "confessions" that are under consideration on this appeal.

In a memorandum made a part of its findings of fact and conclusions of law, the Washington County court took the position that this case was governed by and fell within procedures outlined in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, in the following respects: (a) The affirmative conduct of the police officials in obtaining the oral confession through the ruse of advising petitioner that they had permission from his attorney to question him about the crime in question, whereas the permission was granted for other purposes not connected with this crime; (b) petitioner made timely objection to the admission of the confession at the murder trial; and (c) he timely requested a court determination of the voluntariness of the confession, which request the trial court ignored by passing the question of voluntariness to the jury without making a prior decision thereon.

The habeas court also felt that the trial court's attitude toward the admissibility of the confession supports and warrants the granting of a new trial in the interests of justice, pointing out that the trial court had stated:

"Suppose I rule that the confession, if you want to call it that, is admissible, I think the jury should be entitled to get the full surrounding story in. I don't have the feeling that this is final. It would bother me if I, and I almost think that probably there ought to be an appeal * * *."

The memorandum also noted that at the conclusion of the state's case, on petitioner's motion for dismissal, the trial court said:

"Right of [now] I am inclined to go along with you. If it weren't for the confession, the validity of which the jury will have to determine by a second look at it, I have had one look and it would be my feeling that the confession is not reliable."

After the trial for third-degree murder was commenced, a hearing was held to determine the admissibility of the confession and admissions given to police officers on April 29 and 30, 1962. The purpose of the hearing was to determine whether the confession or admissions were obtained by coercion and by illegal means. It was held out of the presence of the jury. We have examined, but will not attempt to set out in detail, the record in that respect. The trial court did not specifically rule the admissions and confession admissible or nonadmissible, but did allow all the testimony concerning them to be presented to the jury although his quoted remarks would indicate that he was somewhat skeptical about the voluntariness and validity of the confession. It is apparent that in admitting evidence of the confession to the jury he was following the procedure, outlined by this court in State v. Schabert, 218 Minn. 1, 15 N. W. (2d) 585, of permitting the jury to determine the voluntariness of a confession when that, upon the evidence presented, is a question of fact.

However, under recent United States Supreme Court decisions that procedure has been found to violate the United States Constitution. Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908 (1964). Although our court had held that Jackson v. Denno, *supra,* would not be applied retroactively under the facts and circumstances of State ex rel. Rasmussen v. Tahash, *supra,* we now follow the rule that Jackson is retroactive. See, Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. ed. (2d) 882; also, Gerberding v. Tahash, 387 U. S. 91,

87 S. Ct. 1506, 18 L. ed. (2d) 588, citing Jackson v. Denno, *supra*, as controlling.

In conformity with Jackson v. Denno, *supra*, the order of the Washington County District Court granting petitioner a writ of habeas corpus is affirmed and the case is remanded to the Hennepin County District Court so that the state can discharge its constitutional obligations by giving petitioner a separate hearing on the question of the voluntariness of his confession. If that court determines that petitioner's confession was not voluntary or was obtained by coercion, petitioner should be granted a new trial.

Affirmed and remanded.