## ROBERT M. DOAN v. STATE.

186 N. W. (2d) 518.

April 16, 1971—No. 41984.

---

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie Wahl,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Kelly, and Odden, JJ.

MURPHY, JUSTICE.

Appeal from an order of the district court denying defendant's petition for postconviction relief  Contrary to defendant's con-

tentions, the court below found that his conviction was valid and not founded upon an involuntary confession.

It appears from the record that defendant was tried in 1945 for the murder of his wife and four children. He was convicted of second-degree murder and sentenced to life imprisonment. The facts relating to the offense are fully set forth in our decision, State v. Doan, 225 Minn. 193, 30 N. W. (2d) 539, which affirmed the conviction, and need not be repeated here.

While in custody preliminary to trial defendant was questioned at length and some of this examination was recorded and submitted into evidence. Defendant also allegedly volunteered two highly damaging statements which amounted to a full confession. All witnesses to the questioning and taking of statements testified that the examinations were conducted in ordinary conversational tones, without threats or coercion and without promises or inducements, and that defendant signed each statement freely.

At trial defendant contended that the confessions resulted from coercion, "cursing and swearing," and intimidation by the investigative officers. The statements and confessions were received in evidence over objection. In his instructions the trial court told the jury that "[t]he defendant cannot be convicted upon the confession alone, but the jury has a right to consider the confession in connection with other facts presented as evidence in this case, and from all the facts and evidence presented determine whether or not [defendant] is guilty of the crime as charged. * * * The weight to be given to the confession as admitted in this case is for you the jury to determine." After the postconviction hearing, the lower court, without making findings, said:

"* * * While the trial judge did not make a preliminary ruling as to whether or not the confession was given of petitioner's own volition, the record shows that the confession was received in evidence, and once received in evidence the trial judge prop-

erly instructed the jury that it might give the confession such weight and credibility as it may determine."

■ Defendant relies on Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908, which holds that to commit the determination of the voluntariness of a confession solely to the same jury that decides guilt is inconsistent with the constitutional requirement that the procedures used to determine voluntariness be reliable. Following that case, in State v. Keiser, 274 Minn. 265, 143 N. W. (2d) 75, we held that in considering the question of the admissibility of confessions, the trial court should, at a separate hearing, pass upon the issue of voluntariness and that his decision should be final. If the confession is found involuntary, the matter is ended and the confession never reaches the jury. If the confession is found voluntary, it is admitted and the jury consideration is limited to its weight and credibility. This right to a separate fact hearing on the admissibility of confessions is one, according to Jackson v. Denno, *supra*, which is constitutionally protected, and it is agreed that the holding in that case is retroactive. State ex rel. Gerberding v. Tahash, 275 Minn. 195, 146 N. W. (2d) 541, reversed, 387 U. S. 91, 87 S. Ct. 1506, 18 L. ed. (2d) 588; State ex rel. Hershenhorn v. Tahash, 277 Minn. 450, 152 N. W. (2d) 790; 5 Dunnell, Dig. (3 ed.) § 2462(24).

We cannot agree with the state that it is implicit from the trial court's instructions that there was an independent determination of the voluntariness of the confession, as required by Jackson v. Denno, *supra*. The trial court's instructions accomplished nothing more than to permit the jury to consider the weight and credibility of the statements and confessions along with other evidence in the case. Since there was no independent determination of the issue of voluntariness by the court, the jury may well have determined the guilt of defendant on the basis of the confessions. State v. Eubanks, 277 Minn. 257, 152 N. W. (2d) 453, certiorari denied, 390 U. S. 964, 88 S. Ct. 1070, 19 L. ed. (2d)

1165; Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; 5 Dunnell, Dig. (3 ed.) § 2462(12). In State v. Hanson, 286 Minn. 317, 332, 176 N. W. (2d) 607, 616, we said:

"It is not entirely clear from this record whether the trial judge ruled on the admissibility of state's exhibits A and B in conformity with requirements of Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908. In that case it was held that where the voluntariness of a confession is disputed, the trial judge must determine from evidence heard by him in the absence of the jury that the confessions were as a matter of fact voluntarily given."

We went on to point out that even though the trial court had not complied with the requirements of Jackson v. Denno, *supra*, defendant would not automatically be entitled to a new trial. We said (286 Minn. 333, 176 N. W. [2d] 617):

"* * * The relief afforded in such a situation would be a remand of the case to the district court for a hearing confined exclusively to the admissibility of state's exhibits A and B. Only if one or both of these confessions was found involuntary as a matter of fact upon such hearing, would a new trial be required."

We are not satisfied, on the record before us, that the standards of Jackson v. Denno, *supra*, have been adequately met. The case must accordingly be remanded to the district court for a hearing confined exclusively to the admissibility of the challenged confessions. State v. Hanson, *supra*; State ex rel. Gerberding v. Tahash, *supra*; State ex rel. Hershenhorn v. Tahash, *supra*; State v. Eubanks, *supra*; Townsend v. Sain, *supra*; 5 Dunnell, Dig. (3 ed.) § 2462(12).

It should be observed that defendant is not entitled to relief merely on the basis of bald or unsupported assertions of prejudice. It was said in Procunier v. Atchley, 400 U. S. 446, 91 S. Ct. 485, 27 L. ed. (2d) 524, that the right to relief on the issue of voluntariness of a confession must rest upon something

more than an assertion that there has been some procedural shortcoming. At such hearing the petitioner must show that there are substantial facts in dispute and that his version of the events, if true, would require the conclusion that his confession was involuntarily given. We take it that in such proceedings the petitioner may have the right to present whatever evidence he may have available to support his petition, and the state should have a full opportunity to rebute such evidence. On the basis of such evidence, together with the record of the original trial proceedings bearing upon the issue of the voluntariness of the confession, the trial court should make its findings. It should be further noted that in such proceedings the trial court is obliged to prepare a record so that the merits of the petition may be fairly reviewed on appeal. State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657; State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847; State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617.

Remanded with directions.