STATE v. PETER MARKIS GABLER.

199 N. W. 2d 439.

June 30, 1972—No. 42728.

██ 

*C. Paul Jones,* State Public Defender, and *Jerome D. Truhn,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Robert W. Johnson,* County Attorney, and *Robert H. Scott,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Kelly, Todd, and Mason, JJ.

PER CURIAM.

Defendant was convicted of burglary with a tool following a trial by jury. Minn. St. 609.58, subd. 2(1)(a). He presents three issues on appeal to this court.

First, did the trial court err in admitting evidence alleged to have been seized from defendant. The error is based on defendant's claim that the state did not comply with the requirements of State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. 2d 3 (1965). At the time defendant pleaded not guilty, the state announced in open court that it intended to use evidence obtained as a result of search and seizure and admissions in the nature of confessions. Defendant's counsel acknowledged this disclosure, did not ask that it be made more specific, and stated that he would have further discussions with defendant to decide whether to have a Rasmussen hearing. No such hearing was thereafter requested. Under these circumstances we think Rasmussen was sufficiently complied with, although it would have been preferable to have had a more specific written notice.

Next, defendant asserts that the trial court erred in receiving into evidence a statement admitting his guilt which he had made before being given a warning as required by Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. ed. 2d 694, 10 A. L. R. 3d 974 (1966), and reasserts that the state did not comply with Rasmussen. The statement admitting guilt was voluntarily given when defendant interrupted a detec-

tive who was in the process of giving him the Miranda warning. Volunteered statements are not barred by Miranda. Furthermore, defendant's admission of guilt was offered in rebuttal to his own testimony that he did not commit the crime. Statements in the nature of confessions are admissible to impeach a defendant's testimony though no Miranda warning was given. Harris v. New York, 401 U. S. 222, 91 S. Ct. 643, 28 L. ed. 2d 1 (1971); Walder v. United States, 347 U. S. 62, 74 S. Ct. 354, 98 L. ed. 503 (1954). For the reasons previously stated, we do not accept defendant's contention that his inculpatory statements should have been excluded on the ground that the Rasmussen notice was too general and not in writing.

The defendant's third contention, that the verdict of guilty was not sustained by the evidence, is entirely without merit.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.