# STATE v. ANTHONY WAJDA.

206 N. W. 2d 1.

March 30, 1973—No. 43583.

*Mahoney, Dougherty, Angell & Mahoney* and *John W. Carey,* for appellant.

*Keith M. Stidd,* City Attorney, and *Frederick W. Spencer,* Assistant City Attorney, for respondent.

MacLaughlin, Justice.

Defendant, convicted by a district court jury of violating Minneapolis Code of Ordinances, § 402.080, which prohibits driving after revocation or suspension of a driver's license, appeals from the judgment of conviction. We affirm.

At trial the only factual dispute was over who had driven the automobile, defendant or his friend, Mary Jo Shake.[1] The sole

---

[1] The arresting officers testified that because of the darkness they had not actually seen into defendant's automobile while it was moving but that they had observed defendant enter the automobile on the driver's side (and Miss Shake on the passenger's side) just before it started moving and emerge from the driver's side once it stopped. Defendant and Miss Shake testified that they had entered the automobile as the officers testified but that they had then switched places and Miss

issue on appeal is whether the trial court erred in permitting one of the arresting officers to testify that defendant had confessed that he, and not Miss Shake, had driven the automobile. We hold that the trial court did not err in permitting such testimony nor in following the preponderance-of-the-evidence, and not the reasonable-doubt, standard when it determined that the confession was admissible as a volunteered statement. Since the evidence supports the determination that the statement was volunteered, we affirm. A statement volunteered by a defendant is admissible even though the defendant was in custody at the time and police had not given him a Miranda warning. State v. Gabler, 294 Minn. 457, 199 N. W. 2d 439 (1972) ; Jankord v. State, 290 Minn. 168, 186 N. W. 2d 530, certiorari denied, 404 U. S. 942, 92 S. Ct. 292, 30 L. ed. 2d 257 (1971).

Prior to our decision in State v. Keiser, 274 Minn. 265, 143 N. W. 2d 75 (1966), Minnesota followed the now-discredited "New York procedure" for determining admissibility of confessions. See, State v. Schabert, 218 Minn. 1, 15 N. W. 2d 585 (1944). Under that procedure, the jury which decided guilt was for all practical purposes the sole judge of the admissibility of a confession. In Jackson v. Denno, 378 U. S. 368, 391, 84 S. Ct. 1774, 1788, 12 L. ed. 2d 908, 924 (1964), the Supreme Court held that this procedure for determining admissibility of confessions was unconstitutional because it failed to "insure a reliable and clear-cut determination of the voluntariness of the confession."

Following Jackson v. Denno, *supra,* this court was left with two main choices, the "orthodox procedure" and the "Massachusetts procedure." Under the orthodox procedure, the trial court alone determines the admissibility. If the trial court determines that the confession is admissible, he admits it, but does not invite the jury to deliberate on the issue of admissibility. Under the Massachusetts procedure, the trial court makes the same pre-

---

Shake had driven the automobile. They both testified, contrary to the officers' testimony, that once the automobile stopped defendant had emerged from the passenger's side.

liminary determination, but if he admits the confession, he also invites the jury to deliberate on the issue of admissibility. Under either procedure, if the trial court admits the confession, he must permit the jury to hear evidence on the circumstances surrounding the making of the confession—under the orthodox rule, for a determination of weight and credibility; under the Massachusetts rule, for a determination of weight, credibility, and admissibility.

In State v. Keiser, 274 Minn. 265, 143 N. W. 2d 75 (1966), faced with the above choice, we adopted the orthodox rule. In that same case, we considered the question which the Supreme Court had failed to consider in Jackson v. Denno, *supra,* and which had divided many of the lower courts; that is, what standard as to degree of proof should govern when the trial court determines whether the state has met its burden of proof on the issue of admissibility. Although we did not lay down a hard-and-fast rule, we stated that where the persuasive force of a confession is such that it is likely to have a substantial effect on the verdict, the trial court in fairness to the defendant should follow the reasonable-doubt standard in determining admissibility.

The Supreme Court has since ruled, in Lego v. Twomey, 404 U. S. 477, 92 S. Ct. 619, 30 L. ed. 2d 618 (1972), that all the United States Constitution requires is that, under either the orthodox or the Massachusetts procedure, the trial court apply the preponderance-of-the-evidence, and not the reasonable-doubt, standard in determining admissibility of confessions. In that case the petitioner made two main arguments, each of which the court considered and rejected:

First, petitioner argued that determining the admissibility of confessions by a preponderance of the evidence was inconsistent with In re Winship, 397 U. S. 358, 90 S. Ct. 1068, 25 L. ed. 2d 368 (1970), which held that the Constitution protects an accused against conviction except upon proof beyond a reasonable doubt of every element of the crime charged. The court rejected this argument on the ground that implicit in it was the unjusti-

fied assumption that the purpose of an independent hearing on the issue of admissibility of confessions was to enhance the reliability of jury verdicts or to implement the presumption of innocence.

Second, petitioner argued that the values served by the exclusionary rules—most notably deterring unlawful police conduct—independently require that the admissibility of confessions be determined by the reasonable-doubt standard. The court, in rejecting this argument, stated that there was no evidence to suggest that admissibility rulings based on the preponderance-of-the-evidence standard are unreliable or otherwise wanting in quality. The court added that it doubted whether the reasonable-doubt standard would be sufficiently more effective in deterring unlawful police conduct "to outweigh the public interest in placing probative evidence before juries for the purpose of arriving at truthful decisions about guilt or innocence." Lego v. Twomey, 404 U. S. 477, 489, 92 S. Ct. 619, 626, 30 L. ed. 2d 618, 627.

This is the first opportunity that we have had since the Supreme Court's decision in Lego v. Twomey, *supra,* to reconsider the issue of what standard the trial court should follow in determining admissibility of confessions.[2] As we are persuaded by the reasoning of the court in Lego v. Twomey, *supra,* we now hold, overruling State v. Keiser, *supra,* to the extent that it is inconsistent with this opinion, that the trial court should follow the preponderance-of-the-evidence, not the reasonable-doubt, standard in determining the admissibility of confessions. We believe that this standard is sufficient to assure that the trial court will make a reliable determination of the issue of admissibility. Adoption of this standard will also mean that the same standard applies in both state and Federal courts in Minnesota.

Affirmed.

---

[2] In State v. Miller, 292 Minn. 509, 195 N. W. 2d 818 (1972), we did not have to decide the issue because the admissibility of defendant's in-custody admissions in that case "was, by any standard, sufficiently established."