### ROBERT M. DOAN v. STATE.

234 N. W. 2d 824.

October 24, 1975—No. 45335.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Richard B. Allyn,* Assistant Attorney General, *Paul A. Strandberg,* Special Assistant Attorney General, and *Donald Diesen,* County Attorney, for appellant.

*C. Paul Jones,* State Public Defender, for respondent.

SCOTT, JUSTICE.

This is an appeal by the state pursuant to Minn. St. 590.06 from an order of the district court granting postconviction relief in the form of a new trial to defendant, who is now on parole after having served several years of a life sentence for a 1945 conviction for second-degree murder, a conviction we affirmed in State v. Doan, 225 Minn. 193, 30 N. W. 2d 539 (1947). The issue on this appeal is whether the district court erred in determining that the written confessions, on which defendant's conviction was partly based, were involuntary. We reverse and remand with directions.

In Doan v. State, 290 Minn. 105, 186 N. W. 2d 518 (1971), we reversed an order of the district court denying defendant's petition for postconviction relief and remanded the case to the district court for a postconviction hearing meeting the requirements of Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. 2d 908 (1964) ; that is, a hearing on the issue of whether defendant's written confessions were involuntary and, therefore, improperly admitted into evidence at his 1945 trial.

Defendant was the only witness at the hearing upon remand. The state did not call any witnesses because the witnesses were either dead or could not be located. After this hearing the district court granted defendant a new trial. An appeal was taken by the state, but upon its unopposed motion the matter was remanded for a rehearing which the district court ordered after the state had located several witnesses. At this hearing the state called three people who contradicted some of defendant's testimony. Thereafter, the district court reaffirmed its order granting defendant a new trial. This appeal by the state followed.

For reasons which will appear, we have decided that this case must be remanded for further findings by the district court. So that the reasons for our ruling will be clear, we believe it useful

to preface them with a summary of rules governing postconviction Jackson v. Denno hearings:

(a) First, a defendant at such a hearing must support his allegations with evidence which, if true, would entitle him to relief. See, Doan v. State, 290 Minn. 105, 110, 186 N. W. 2d 518, 520 (1971).

(b) If defendant supports his allegations, then the state has the burden of proving that the confession was voluntary by a fair preponderance of the evidence. The state has the burden of proving this notwithstanding Minn. St. 590.04, subd. 3, which provides in part that "[u]nless otherwise ordered by the court the burden of proof of the facts alleged in the petition shall be upon the petitioner to establish such facts by a fair preponderance of the evidence." This is because "[c]onstitutional standards require the state to assume the same evidentiary burden in a postconviction as in a preconviction Jackson v. Denno hearing." Reizenstein v. Sigler, 428 F. 2d 702, 707 (8 Cir. 1970). That the state need prove voluntariness only by a fair preponderance of the evidence and not beyond a reasonable doubt at a Jackson v. Denno hearing is made clear by State v. Wajda, 296 Minn. 29, 206 N. W. 2d 1 (1973).

(c) If there is a conflict in the evidence, the trial court must resolve the conflict. Indeed, that is the primary task for the trial court at a postconviction Jackson v. Denno hearing. Note, 79 Harv. L. Rev. 938, 1065. As this court stated in State v. La-France, 302 Minn. 245, 246, 223 N. W. 2d 813, 814 (1974), when the evidence at the Rasmussen hearing is conflicting, the trial court "acts as finder of facts, deciding for purposes of admissibility which evidence to believe and whether the state has met its burden of proof."

(d) On appeal this court will not reverse specific findings if there is sufficient evidence to support them, but this court will make an independent determination of voluntariness on the facts as found. See, Davis v. North Carolina, 384 U. S. 737, 741, 86 S. Ct. 1761, 1764, 16 L. ed. 2d 895, 898 (1966).

In the instant case the district court in its findings stated: (i) "That Petitioner has established by a fair preponderance of the evidence at the Re-Hearing herein that there are substantial facts in dispute concerning the voluntariness of the statements as aforesaid, and that [this version], if true, would compel the conclusion that his confessions were coerced or involuntarily given"; and (ii) "That at the said Re-Hearing, Petitioner has established by a fair preponderance of the evidence that the said statements in the nature of confessions were not voluntarily and freely given beyond a reasonable doubt."

It is the second of these two findings which prompts us to reverse the order granting defendant a new trial. A superficial reading of this finding indicates that the court believed that defendant had the burden of proof. A more careful reading, however, indicates that the state really had the burden of proof and that this burden was to prove beyond a reasonable doubt that the confessions were freely and voluntarily given. But as we indicated earlier, the state has the burden of proving voluntariness at a Jackson v. Denno hearing only by a fair preponderance of the evidence.

The only possible justification for use of the reasonable-doubt standard in this case is that State v. Wajda, 296 Minn. 29, 206 N. W. 2d 1 (1973)—which held that in Jackson v. Denno hearings the state need prove voluntariness only by a fair preponderance of the evidence—was not filed until after the first order of the trial court granting defendant a new trial. However, as the state points out, the second order, also granting defendant a new trial, was not filed until 15 months after Wajda. We believe that the court should have followed the rule then in effect, i. e., the Wajda rule, when it issued this second order.

Because the court followed the reasonable-doubt standard, we cannot be sure that it actually believed defendant. At most it appears that the trial court believed that there was a reasonable possibility that defendant told the truth. The court's ruling might

have been different if it had followed the proper standard of proof.

On remand the court should consider all the evidence, including the record of the original trial proceedings bearing upon the issue of voluntariness, and make new findings using the fair preponderance-of-the-evidence standard. Voluntariness should be determined without reliance upon those present-day standards which have been held not retroactive by the United States Supreme Court. In making its specific findings of fact as to the actual occurrences, the court should make allowance for the fact that the state's key witnesses to the events are no longer available to refute defendant's testimony.

Reversed and remanded with directions.

MR. JUSTICE YETKA took no part in the consideration or decision of this case.