## STATE v. LOUIS BOYKIN.

252 N. W. 2d 604.

April 8, 1977—No. 46701.

Connolly & Heffernan and John S. Connolly, for appellant.

Warren Spannaus, Attorney General, William B. Randall, County Attorney, and Steven C. DeCoster, Assistant County Attorney, for respondent.

PER CURIAM.

This is an appeal by defendant from a judgment of conviction of aggravated assault, Minn. St. 609.225, subd. 2, and indecent liberties, § 609.296. Defendant was also charged with aggravated rape, § 609.291, but the jury acquitted him of that charge. Issues raised by defendant are (1) whether the trial court erred in permitting the prosecutor to cross-examine him about a statement he made to police after being arrested, and (2) whether the trial court's instructions on reasonable doubt were inadequate. We affirm.

Defendant's exculpatory statement to police was ruled admissible after an omnibus hearing, but the prosecutor did not offer any evi-

dence about the statement during the state's case in chief. Defense counsel, while examining defendant, opened the door to this matter by questioning defendant in detail about what he had told police. Then on cross-examination the prosecutor asked defendant a few more questions about the matter. Although defendant must be deemed to have waived the right to raise this issue on appeal, we note gratuitously that under Harris v. New York, 401 U. S. 222, 91 S. Ct. 643, 28 L. ed. 2d 1 (1971), the prosecutor could have used defendant's statement for impeachment purposes even if the statement had been ruled inadmissible. See, State v. Hill, 309 Minn. 206, 244 N. W. 2d 728 (1976), and State v. Gabler, 294 Minn. 457, 199 N. W. 2d 439 (1972).

Defendant's complaint about the instruction on reasonable doubt is that the trial court refused to include a requested instruction stating that "[a] reasonable doubt exists whenever, after careful and impartial consideration of all the evidence in the case, the jurors do not feel convinced to a moral certainty that a defendant is guilty of the charge." In all other respects the trial court's instructions on reasonable doubt were identical to those recommended in 1 Devitt and Blackmar, Federal Jury Practice and Instructions (2 ed.) § 11.01. As such, we believe the instructions were more than adequate. See, State v. Shotley, 305 Minn. 384, 233 N. W. 2d 755 (1975). And see United States v. Lawson, 507 F. 2d 433 (7 Cir. 1974), certiorari denied, 420 U. S. 1004, 95 S. Ct. 1446, 43 L. ed. 2d 762 (1975), upholding a lower court's refusal to use the "moral certainty" language. Specifically, the court in that case stated:

"Because of the very commonness of the words, the straining for making the clear more clear has the trap of producing complexity and consequent confusion. That this difficulty may be surmounted is evidenced by the attempts which have been approved, although the language of approval has frequently implicitly suggested the difficulties of articulation. That the difficulties may be surmounted, however, does not mean in our opinion that the effort has to be made.

"The essential aspect of the matter it appears to us is that the jury clearly understand that there must be proof persuasive beyond a reasonable doubt. Defining the term should be at the option of the trial judge even though a defining instruction is tendered. Lack of definition would not appear to be prejudicial." 507 F. 2d 442.

Affirmed.