**STATE of Minnesota, Respondent,**

v.

**Jerry UDSTUEN, Appellant.**

**No. CX–82–1208.**

Supreme Court of Minnesota.

March 23, 1984.

Douglas W. Thompson, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven DeCoster, Asst. County Atty., St. Paul, for respondent.

PETERSON, Justice.

This is a child abuse case. Defendant was charged by indictment with attempted second degree intentional murder, Minn. Stat. §§ 609.17 and 609.19, subd. 1 (1982), and first degree assault, section 609.221. A district court jury found him not guilty of attempted murder but guilty of first degree assault. The presumptive sentence for the offense (a severity level VIII offense) when committed by a person with defendant's criminal history score at the time of sentencing (zero) is an executed term of 43 (41–45) months in prison. The trial court departed durationally, sentencing defendant to 72 months in prison. On this appeal from judgment of conviction defendant contends (1) that his conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient, (2) that he should receive a new trial because the trial court prejudicially erred in two evidentiary rulings and in its instructions, or (3) that at least his sentence should be reduced on the ground that the durational departure was unjustified. We affirm.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient. The victim in this case was defendant's 3-month-old son. The state's evidence consisted of medical evidence concerning the great bodily harm inflicted on the victim and evidence that defendant inflicted the harm. Evidence that defendant inflicted the harm included testimony by three different witnesses concerning extrajudicial admissions of guilt by defendant. We hold that the evidence of defendant's guilt was sufficient.

2. Defendant's second contention is that the trial court prejudicially erred in two

evidentiary rulings and in its instructions defining reasonable doubt.

■ (a) Defendant's first claim of trial error relates to the trial court's limitation of the scope of defense counsel's cross-examination of defendant's wife, who testified against him. Defense counsel wanted to cross-examine her about whether she had been an abused child but disavowed any desire to use her answers to prove that she fit within the so-called battering parent profile. *See State v. Loebach,* 310 N.W.2d 58 (Minn.1981) (dealing with use of battering parents syndrome evidence against a defendant charged with child abuse). The trial court granted a motion to limit cross-examination to the wife's experiences in the year preceding the commission of the assault but stated that it might reconsider this ruling if the circumstances warranted it and if defense counsel so moved. We find nothing in the record to indicate that defense counsel so moved. This probably was because defense counsel in fact was able to elicit evidence that the witness had been abused by her father and evidence that many child abusers were themselves abused as children. Because it is clear that no prejudice resulted from the trial court's ruling, we need not consider whether or not it was overly restrictive.

■ (b) Defense counsel's second claim of trial error relates to the admission in evidence of an extrajudicial statement of a doctor who witnessed some of defendant's damaging admissions to a child abuse investigator. The statement was part of the medical file, which the court admitted after defense counsel offered it. Later, when the prosecutor began to use the statement as a basis for cross-examining defendant, who denied making any damaging admissions, defense counsel argued that the cross-examination was improper and that the statement should be removed from the medical file because he did not realize it was in the file when he offered it. The prosecutor did not use the statement as a basis for further cross-examination of defendant, but the court, excising part of it, did allow the jury to see the statement. We need not decide whether it was error for the trial court to let the jury see the statement because it is clear that if there was error it was not prejudicial. If the trial court had granted defendant's motion the prosecutor could have called the doctor, who apparently was available, and she presumably would have repeated what was said in the statement. Further, the evidence was cumulative, the jury already having the benefit of the testimony of three witnesses concerning damaging admissions by defendant.

■ (c) Defendant's final claim of trial error—that the trial court erred in omitting the "moral certainty" language from the definition of "reasonable doubt" contained in CRIMJIG 3.03—is answered by our decisions in *State v. Schmieg,* 322 N.W.2d 759 (Minn.1982); *State v. Olkon,* 299 N.W.2d 89 (Minn.1980), *cert. denied,* 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981); and *State v. Boykin,* 312 Minn. 593, 252 N.W.2d 604 (1977).

■ 3. Defendant's final contention is that the trial court erred in departing durationally from the presumptive sentence. This contention is meritless. The victim was absolutely vulnerable; defendant's conduct was particularly cruel, consisting not just of a single temporary loss of control but of multiple acts of abuse; and defendant's conduct resulted in permanent brain damage that will prevent the victim from ever leading a normal life. Cases supporting the departure include: *State v. Wellman,* 341 N.W.2d 561 (Minn.1983); *State v. Partlow,* 321 N.W.2d 886 (Minn. 1982); *State v. Stumm,* 312 N.W.2d 248 (Minn.1981).

Affirmed.