STATE of Minnesota,
Petitioner, Appellant,

v.

Howard Elmer ANDERSON,
Respondent.

No. C0–85–1426.

Supreme Court of Minnesota.

Nov. 26, 1986.

R. Kathleen Morris, Scott Co. Atty., Shakopee, for appellant.

C. Paul Jones, Minnesota Public Defender, Mark F. Anderson, Asst. Public Defender, University of Minnesota, Minneapolis, for respondent.

### ORDER

AMDAHL, Chief Justice.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Court of Appeals on the critical impact issue is reversed and the case is remanded to the trial court for further findings.

### MEMORANDUM

In *State v. Anderson,* 380 N.W.2d 165 (Minn.App.1986), the Court of Appeals affirmed a pretrial order suppressing a confession in the sexual assault prosecution of the defendant. The Court of Appeals did not reach the issue of the admissibility of the confession, ruling instead that the appeal was not proper because the state had failed to show that the suppression would have a critical impact on the trial. *State v. Webber,* 262 N.W.2d 157 (Minn.1977). We granted the petition for review and stayed all proceedings pending final disposition of

the appeal in *State v. Kim,* 374 N.W.2d 814 (Minn.App.1985), *petition for review granted* (Minn.1985). We now vacate the stay in this case, reverse the decision of the Court of Appeals holding that suppression will not have a critical impact on the trial, and remand to the trial court for further findings.

■ In a case such as this the trial court's duty is to resolve the testimonial disputes as to the historical facts, and the appellate court's duty is to independently determine, on the basis of all factual findings that are not clearly erroneous, whether or not the confession was voluntary. *Miller v. Fenton,* — U.S. —, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985); *State v. Linder,* 268 N.W.2d 734 (Minn.1978); *Doan v. State,* 306 Minn. 89, 234 N.W.2d 824 (1975). Whether promises are made and what the promises are both are factors to be weighed with all the other factors in making this independent determination. *See, e.g., State v. Beckman,* 354 N.W.2d 432 (Minn.1984) (the fact that defendant was told that any cooperation would be brought to the trial court's attention did not render confession "involuntary"); *State v. Jungbauer,* 348 N.W.2d 344 (Minn.1984) (promise to release defendant pending formal charging and to summon him rather than arrest him on a warrant did not render defendant's confession "involuntary"); *State v. Anderson,* 298 N.W.2d 63 (Minn. 1980) (promise to a defendant that a female friend would be released from jail if he gave a written statement did not render his confession "involuntary"); *State v. Biron,* 266 Minn. 272, 123 N.W.2d 392 (1963) (holding "involuntary" a confession obtained from a 18–year–old who was promised juvenile treatment if he confessed). *Cf., Minnesota v. Murphy,* 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984), and *State v. Murphy,* 380 N.W.2d 766 (Minn.1986) (holding trial court's admission of confession by probationer to probation agent, despite probation agent's statement to probationer that her main concern was that he would need further treatment—implying that confession would lead to treatment).

■ We could remand to the Court of Appeals but that court's attempt to independently consider all of the circumstances in determining if the confession was "involuntary" would be made difficult by the fact that the trial court did not make the sort of findings contemplated by the United States Supreme Court cases and our cases. The trial court apparently determined that it was defendant's understanding that it was necessary for him to give a statement in order for treatment to begin. But the trial court did not make any findings resolving the dispute over whether the police were either responsible for or aware of the understanding. If the police were not responsible for or aware of the understanding, then the confession clearly was not involuntary.

On remand, therefore, the trial court should make the necessary findings of fact. If the trial court, after doing so, adheres to its earlier suppression order, then the state may, if it chooses, reinstate its appeal and have the Court of Appeals address the voluntariness issue.