STATE of Minnesota, Appellant,

v.

Howard Elmer ANDERSON,
Respondent.

No. C0–87–85.

Court of Appeals of Minnesota.

April 21, 1987.

Review Denied June 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James A. Terwedo, Scott Co. Atty., Thomas J. Harbinson, Asst. Co. Atty., Shakopee, for appellant.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and MULALLY,* JJ.

## OPINION

MULALLY, Judge.

This is a pretrial appeal of an order suppressing a confession as involuntarily induced by promises of leniency. We affirm.

---

* Acting as judge of the Court of Appeals by ap-
pointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

In October 1984, Judy Anderson, respondent Howard Anderson's mother, contacted the Scott County Human Services Department to inquire about getting drug treatment counseling for her son after an allegation that her son engaged in sexual contact with his sister. The Savage Police Department was contacted.

Officer Joe Williams of the Savage Police Department and John Korman of Dakota County Human Services contacted Mrs. Anderson. When Officer Williams first met with Mrs. Anderson, she told him about respondent's drug use and the family's financial inability to send him to treatment which he needed. She said that Williams was very consoling and helpful. She had several discussions with Williams in which counseling was discussed. Williams indicated that respondent should come down to the police station to talk about the incident. Mrs. Anderson testified she understood from her discussion with Williams that if respondent cooperated with Williams he could obtain treatment at county expense. She further testified that she understood that if respondent successfully completed treatment and stayed clean for a period of time the charges would be dropped and the matter would not go to trial. She relayed her understanding of these discussions to respondent. Respondent testified his understanding was that in order to get treatment he would have to talk to the police about the incident.

On November 29, 1984, Mrs. Anderson drove her son to the Savage Police Department. Officer Williams greeted them and told them that someone was in the back room from a drug treatment center or was a drug counselor, and that respondent would get a chance to talk to him. Mrs. Anderson then met with Officer Williams and counselor John Korman for a few minutes, in which they discussed treatment. She was then asked to leave and respondent was brought back into Williams' office.

Williams introduced respondent to Korman and when respondent asked why Korman was there Williams told him that Korman was there for drug treatment evaluation purposes. Williams testified that he told respondent he was not under arrest, that he had no intention of placing him under arrest at that time, that respondent could leave at any time, and said that anything respondent said could be used in a "court hearing." He admitted he did not use the word "criminal proceeding."

Williams testified that Korman and respondent discussed counseling and respondent made an oral confession about the allegation involving his sister. Williams had respondent sign a written confession. The entire meeting lasted about a half hour.

Respondent was later charged with sexual assault. Following an omnibus hearing, the trial court found that the oral and written confessions were the product of inducement and were inadmissible at trial.

In *State v. Anderson*, 380 N.W.2d 165 (Minn.Ct.App.1986) this court affirmed the pretrial order suppressing the confession. The court did not reach the issue of the admissibility of the confession and instead ruled the appeal was improper because the State failed to show suppression would have a critical impact on the trial.

The Minnesota Supreme Court reversed on the issue of critical impact. *State v. Anderson*, 396 N.W.2d 564 (Minn.1986). The court remanded to the trial court to make further findings on the voluntariness of the confession. The court stated:

> The trial court apparently determined that it was defendant's understanding that it was necessary for him to give a statement in order for treatment to begin. But the trial court did not make any findings resolving the dispute over whether the police were either responsible for or aware of the understanding. If the police were not responsible for or aware of the understanding, then the confession clearly was not involuntary.

*Id.* at 565.

Following remand, the trial court made supplemental findings. The trial court found that the police were responsible for,

and aware of, respondent's understanding that he was required to make a statement to police to receive chemical dependency treatment and that promises of chemical dependency treatment rendered his confession involuntary. The trial court cited appellant's age, education, and lack of experience in the criminal justice system in evaluating the entire circumstances and again ruled the statement inadmissible. The State appealed.

## ISSUE

Did the trial court err in ruling that appellant's confession was involuntary?

## ANALYSIS

■ The prosecution has the burden of proving by a preponderance of the evidence that under the totality of the circumstances a confession was made freely and voluntarily. *Colorado v. Connelly,* — U.S. —, 107 S.Ct. 515, 523, 93 L.Ed.2d 473 (1986); *see Haynes v. Washington,* 373 U.S. 503, 513, 83 S.Ct. 1336, 1342, 10 L.Ed.2d 513 (1963); *State v. Linder,* 268 N.W.2d 734, 735–36 (Minn.1978) (per curiam). A confession induced by a promise to the accused which holds hope of a benefit is not a voluntary confession. *State v. Biron,* 266 Minn. 272, 282, 123 N.W.2d 392, 399 (1963); *State v. Gard,* 358 N.W.2d 463, 467–68 (Minn.Ct.App.1984). On review, we must independently determine whether the State has proven the confession was voluntary, on the basis of the facts found by the trial court which are not clearly erroneous. *Anderson,* 396 N.W.2d at 565.

■ The trial court found that appellant was induced by promises of county funded treatment to make a statement. The record supports this determination. Respondent was a 20–year-old man with little, if any, prior exposure to the criminal justice system. He went to the police station with his mother. The interrogator was Officer Williams, the same officer who had many conversations with respondent's mother in which they discussed counseling and the need for respondent to talk about the incident. Respondent's mother testified that she understood that respondent had to make a statement in order to get county funded treatment, that if he successfully completed the treatment there would be no criminal prosecution, and that she relayed this understanding to respondent. Respondent contended that he understood that he had to confess to receive treatment. Officer Williams was aware of respondent's understanding since he arranged for John Korman, the treatment counselor, to be present during the interview. When respondent met Williams, Williams introduced him to Korman and told him Korman was there for drug treatment evaluation purposes. During the interview there was discussion about treatment. Respondent was not advised at any time of his constitutional rights.

■ The State argues that, at most, there was the possibility of treatment mentioned and not a promise of leniency. *See State v. Jungbauer,* 348 N.W.2d 344 (Minn. 1984); *State v. Miller,* 316 N.W.2d 23, 28 (Minn.1982); *State v. Merrill,* 274 N.W.2d 99, 107–08 (Minn.1978). Nevertheless, the trial court heard the testimony of respondent, his mother, and Officer Williams, and was in the best position to judge the witnesses' credibility. Williams admitted he told Korman he would interview respondent first and attempt to take a written statement, after which Korman could discuss counseling. Williams had participated in discussions with respondent's mother and with respondent about counseling. The trial court found that both respondent and his mother were under the belief that respondent had to make a statement to get treatment at county expense. We agree with the trial court that the officer failed to clarify that there were no promises of treatment in lieu of prosecution, and hence respondent's confession was not voluntary.

## DECISION

Affirmed.