*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1162**

State of Minnesota,
Appellant,

vs.

Deon Sinkfield, Jr.,
Respondent.

**Filed December 28, 2015
Affirmed
Willis, Judge\***

Dakota County District Court
File No. 19HA-CR-15-364

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Tori K. Stewart, Assistant County Attorney, Hastings, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Mark D. Nyvold, Special Assistant Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Willis, Judge.

_____

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WILLIS**, Judge

Appellant state seeks reversal of a pretrial order suppressing respondent's confession on the ground that the *Miranda* warning given omitted any notice that an attorney could be appointed for Sinkfield at no cost to him if he could not afford one and if he so desired. The state argues that the suppression order will have a critical impact on the likelihood of a successful prosecution, that the *Miranda* warning was sufficient, and that Sinkfield knowingly and intelligently waived his privilege against self-incrimination and confessed voluntarily. Because we conclude that the *Miranda* warning was insufficient, we affirm.

## FACTS

Burnsville Police arrested respondent Deon Sinkfield, Jr. on February 4, 2015, because he was a suspect in an aggravated-robbery investigation. Sinkfield was interviewed by two police officers while in custody at the police station. At the beginning of the interview, one of the officers read to Sinkfield from a card, stating, "you have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have one present with you before any questioning if you wish." The officer admitted that she mistakenly skipped one of the warnings printed on the card; the parties do not dispute that this was an accidental omission. After more than an hour of interrogation, Sinkfield confessed piecemeal to elements of the charged offense. On February 6, 2015, Sinkfield was charged with aggravated first-degree robbery and prohibited possession of a firearm.

Sinkfield moved to suppress his confession on the ground that the *Miranda* warning given to him was insufficient because he was not given specific notice that an attorney would be appointed for him if he could not afford one and if he so desired. The district court granted the motion and ordered that the confession be suppressed. The state appealed the ruling and moved to stay proceedings during the pendency of an appeal. Sinkfield opposed the stay, demanding a speedy trial. The district court granted the stay, and this appeal follows.

## D E C I S I O N

**I.     The pretrial order suppressing Sinkfield's confession has a critical impact on the likelihood of successful prosecution.**

The state can prevail on appeal from a district court's pretrial ruling only if the ruling is clearly and unequivocally erroneous, and has a critical impact on the state's case. *State v. Scott*, 584 N.W.2d 412, 416 (Minn. 1998); *see also* Minn. R. Crim. P. 28.04, subd. 2(2)(b). "Critical impact has been shown when 'the lack of the suppressed evidence significantly reduces the likelihood of a successful prosecution.'" *State v. Zanter*, 535 N.W.2d 624, 630 (Minn. 1995) (citing *State v. Joon Kyu Kim*, 398 N.W.2d 544, 551 (Minn. 1987)). The court must consider the state's evidence as a whole to assess the impact of a suppression order. *Scott*, 584 N.W.2d at 416 (citing *Zanter*, 535 N.W.2d at 630-31). Minnesota courts have repeatedly held that suppression of a confession by a defendant satisfies the critical-impact requirement. *See, e.g.*, *id.*; *State v. Ronnebaum*, 449 N.W.2d 722, 724 (Minn. 1990); *State v. Anderson*, 396 N.W.2d 564, 565 (Minn. 1986); *State v. Miller*, 659 N.W.2d 275, 280 (Minn. App. 2003).

The parties dispute which facts should be considered in conducting the critical-impact analysis. But we need not decide which facts in addition to the confession we should consider, given the established principle that suppression of a defendant's confession "normally" satisfies the requirement—and there is no relevant distinguishing factor here. *See Ronnebaum*, 449 N.W.2d at 724.

## II. The district court did not err in determining that the *Miranda* warning was insufficient.

On a pretrial appeal challenging the suppression of evidence, if critical impact is established, this court then conducts an independent review of the district court's ruling. *State v. Bourke*, 718 N.W.2d 922, 927 (Minn. 2006) (citing *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999)). We review legal determinations de novo and accept factual findings unless they are clearly erroneous. *Id.* (citing *State v. Wiernasz*, 584 N.W.2d 1, 3 (Minn. 1998)). The facts relevant to the *Miranda* issue here are not in dispute.

The district court ordered suppression of Sinkfield's confession on the ground that the *Miranda* warning was constitutionally flawed because it omitted any notice that an attorney could be appointed for Sinkfield prior to questioning at no cost to him if he could not afford one and if he so desired. The state argues that the totality of the circumstances, including Sinkfield's past contact with the criminal-justice system, allows the inference that he understood his right to a public defender. But *Miranda* itself specifically rejected this argument.

The United States Supreme Court unequivocally held in *Miranda v. Arizona* that a suspect in a criminal case is entitled to effective notice of certain constitutional rights. 384

4

U.S. 436, 467, 86 S. Ct. 1602, 1624 (1966). An effective *Miranda* warning must notify the suspect

> that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and *that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires*.

*Id.* at 479, 86 S. Ct. at 1630 (emphasis added). The *Miranda* court further held that speculation as to whether an individual was otherwise aware of these rights could not be permitted to relieve the state of its burden to provide the warning and specifically prohibited such speculation based on "prior contact with authorities" because "whatever the background of the person interrogated, a warning at the time of the interrogation is indispensable to overcome its pressures and to insure that the individual knows he is free to exercise the privilege at that point in time." *Id.* at 468-69, 86 S. Ct. at 1625.

*Miranda* explicitly provides that, in a custodial interrogation, mere notice of the right to counsel will not suffice. *Id.* at 473, 86 S. Ct. at 1627. The suspect additionally must be notified that a lawyer will be appointed for him if he cannot afford one, and if he so desires, because "[w]ithout this additional warning the admonition of the right to consult with counsel would often be understood as meaning only that he can consult with a lawyer if he has one or has the funds to obtain one." *Id.*

III. **Because the *Miranda* warning was inadequate, waiver and voluntariness are irrelevant.**

If a suspect has been properly warned under *Miranda*, the rights to counsel and to remain silent can be waived if done "knowingly and intelligently." *Id.* at 475, 86 S. Ct. at

5

1628; *see also Scott*, 584 N.W.2d at 417; *State v. Jones*, 566 N.W.2d 317, 322 (Minn. 1997); *State v. Merrill*, 274 N.W.2d 99, 106 (Minn. 1978) ("Waiver is defined as an intentional relinquishment or abandonment of a known right or privilege.") (quotation omitted). But waiver can be established only if the *Miranda* warning was adequate. *Miranda*, 384 U.S. at 470, 86 S. Ct. at 1626. As the Supreme Court reaffirmed in *Dickerson v. United States*, "The disadvantage of the *Miranda* rule is that statements which may be by no means involuntary, made by a defendant who is aware of his 'rights,' may nonetheless be excluded. . . ." *Dickerson v. United States*, 530 U.S. 428, 444, 120 S. Ct. 2326, 2336 (2000).

**Affirmed.**