**STATE of Minnesota, Respondent,**

v.

**David Allen ORSCANIN, Appellant.**

**No. 47431.**

Supreme Court of Minnesota.

May 19, 1978.

---

**2.** See, *State v. Gavle,* 234 Minn. 186, 208, 48 N.W.2d 44, 56 (1951), and Rule 403, Rules of Evidence.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, James Korman, County Atty., Faribault, for respondent.

## PER CURIAM.

Defendant was found guilty by a district court jury of two counts of burglary, Minn.St. 609.58, subd. 2, and one count of theft, § 609.52, subd. 2, and was sentenced by the trial court to a maximum indeterminate term of 5 years in prison. On this appeal from judgment of conviction, defendant contends (1) that at the omnibus hearing the court erred in determining that defendant's confession was made voluntarily without permitting defendant to testify as to an alleged promise of leniency by his parole agent which allegedly induced the confession; (2) that the trial court erred in submitting the issue of voluntariness of the confession to the jury; and (3) that the trial court erred in denying a motion to dismiss one of the two burglary counts. We remand with directions to vacate one of the two judgments of conviction for burglary and for a postconviction hearing on the voluntariness of the confession.

1–2. The evidence admitted against defendant at his trial consisted of (a) the testimony of the manager of the Northfield Golf Club; (b) the testimony of Phillip Blatz that he and defendant broke into the clubhouse and took approximately $1,000 in cash; and (c) the testimony of a police officer about the contents of defendant's confession.

The key issue in the district court was the admissibility of defendant's confession. Defendant sought to testify at the omnibus hearing that his confession was induced by a promise of leniency from his parole agent but the court refused to permit the testimony, concluding that it was hearsay. The court erred in this ruling because the evidence about the promise was not being offered to prove the truth of the matter asserted, only to prove that the promise was made and that it induced defendant to confess.

The court also erred at trial in instructing the jury on the issue of the voluntariness of the confession. Under the so-called "orthodox rule," which this court adopted following *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the proper procedure is for the trial court to determine as a matter of law whether the confession is admissible; if it is admissible, the court admits it and evidence surrounding the making of the confession. It does not invite the jury to deliberate on the issues relating to admissibility, but only on those relating to weight and credibility. *State v. Wajda,* 296 Minn. 29, 206 N.W.2d 1 (1973); *State v. Keiser,* 274 Minn. 265, 143 N.W.2d 75 (1966). In this case, the court not only determined the issue of the voluntariness of the confession as a matter of law, but it also invited the jury to deliberate on the issue of the voluntariness of the confession.

If defendant's allegation that he was induced to confess by a promise of leniency is true, then we believe he would be entitled to a new trial on the ground that the confession was involuntary and was therefore erroneously admitted. See, *State v. Biron,* 266 Minn. 272, 123 N.W.2d 392 (1963); A. L. I., Model Code of Prearraignment Procedure, § 150.2(8) and Note. Accordingly, we remand for a postconviction hearing at which the district court can actually hear defendant's allegations and determine whether they are true. *Doan v. State,* 306

Minn. 89, 234 N.W.2d 824 (1975); *Doan v. State,* 290 Minn. 105, 186 N.W.2d 518 (1971).

3. Defendant's only other contention is that he was improperly charged and convicted of two counts of burglary when it was clear from the evidence against him that he participated in only one act of burglary.

Section 609.58, subd. 2, provides that one can commit burglary by either *entering* or *remaining within* a building without consent and with intent to commit a crime. As the matter now stands, defendant was convicted of committing two separate burglaries, when in fact he committed only one burglary. See, *State v. Holbrook,* 304 Minn. 137, 230 N.W.2d 456 (1975). On the record before us, the judgment of conviction of the charge of remaining within the building should be vacated because (a) it is unfair to convict a defendant of two burglaries when only one was committed, and (b) the evidence demonstrates that the burglary was committed by entering the building without consent, not by legally entering and then remaining within the building without consent—e. g., after closing time.

Remanded to the district court for a post-conviction hearing and with directions to vacate the judgment of conviction entered for burglary by remaining within a building.