**Larry Wayne HAMILTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

March 20, 1979.

# Page 209

Clem & Sellars, Lexington, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

On February 27, 1978, the appellant, Larry Wayne Hamilton, along with Wendell M. Rabbitto and Charles R. Morse, was indicted by the Fayette County Grand Jury for the December 28, 1977, robbery of the Ollie's Trolley restaurant in Lexington, Kentucky. They were tried jointly and each was found guilty of first-degree robbery. Appellant was sentenced to 20 years' imprisonment.

On this appeal, the appellant presents three issues, as follows:

"A. The trial court was clearly erroneous in admitting into evidence the appellant's alleged confession.

B. The trial court erroneously failed to either admonish the jury that they should disregard the appellant's alleged confession unless they believed beyond a reasonable doubt that it was voluntarily given or to so instruct.

C. The appellant is entitled to a new trial, because he received ineffective assistance of counsel in the trial court."

The appellant is charged with entering the Ollie's Trolley restaurant, at approximately 3:30 p. m., wearing a halloween mask and flourishing a 32-caliber revolver. Earlier in the day the appellant, Rabbitto, and Morse were seen together and were overheard discussing robbing the Ollie's Trolley restaurant. The restaurant clerk, Vickie Campbell, who was alone in the restaurant at the time of the robbery, upon seeing the robber flourishing his gun, filled a bank deposit bag with $70 to $80. The thief took the money and ran outside to an awaiting automobile occupied by one of his co-indictees. Persons in the neighboring florist shop witnessed the robbery and were able to take pictures of the robbery while it was in progress. The pictures illustrate: (1) the getaway car, which the evidence disclosed belongs to Rabbitto or his wife; (2) the robber standing outside of the car talking to Rabbitto, who was sitting in the driver's seat; and (3) the robber as he ran from the restaurant to the car. He was wearing a long dark coat and striped tennis shoes. The evidence further reflects that appellant's co-indictee Rabbitto was heard to say, "We just pulled a job, we have the car hid and we will be home after dark." The appellant and Rabbitto had spent a large part of the day together at the "Rack and Cue," a local pool parlor, and also for a big part of the day they had just ridden around town.

Appellant's contention that the trial court was clearly erroneous in admitting into evidence the appellant's alleged confession must be measured by the record as a whole.

In the appellant's brief, it is written: "The issue in this case is not whether Hamilton was advised of his rights; the issue is whether he understood his rights and made a knowing and intelligent waiver of them." Counsel for appellant correctly states the criteria by which the issue is to be measured. The confession attributed to the appellant consists of five words, "He made me do it." The appellant did not deny making such a statement, nor did he admit having made it. There is nothing in the record which indicates to whom the "he" refers.

Following his arrest, the appellant was advised of his constitutional rights and was interrogated by Detective Alan Ernest. The product of this in-custody interrogation was the statement made by the appellant that "He made me do it." At the time the case was called for trial, counsel for appellant moved the court to suppress this alleged confession. The court held that it was proper to admit the confession and denied the motion to suppress. In support of his motion, the appellant contended that

at the time the statement was purported to have been made he was under the influence of alcohol and drugs; that he did not have control of his faculties; that he had been without sleep for three days; and that he did not remember having any such conversation with Detective Ernest, but did remember talking to some detective about something. The appellant did recall many things that happened to him and things said by him prior to the robbery and subsequent thereto, but he had very little recall, if any, of what happened or what he said at the time of his interrogation. Detective Ernest stated that the appellant was able to understand his rights when read to him and that, although he was under the influence of some drug or alcohol, he could walk perfectly, had no problems standing up, his speech was only slightly slurred, and he understood what was happening. As a result of the suppression hearing held pursuant to *Bradley v. Commonwealth*, Ky., 439 S.W.2d 61 (1969), the trial court found that the appellant had made the confession voluntarily, knowingly, and intelligently.

In *Britt v. Commonwealth*, Ky., 512 S.W.2d 496 (1974), we held that the trial judge's decision to permit a confession to be heard and considered by the jury, following an in-chambers evidentiary hearing on a motion to suppress, is conclusive if the determination is supported by substantial evidence of record. Further, we said:

"It is only when intoxication reaches the state in which one has hallucinations or 'begins to confabulate to compensate for his loss of memory for recent events' that the truth of what he says becomes strongly suspect. Loss of inhibitions and muscular coordination, impaired judgment, and subsequent amnesia do not necessarily (if at all) indicate that an intoxicated person did not know what he was saying when he said it. 'In vino veritas' is an expression that did not originate in fancy. If we accept the confessions of the stupid, there is no good reason not to accept those of the drunk."

From an analysis of the record, it can logically be said about appellant's condition at the time he made the statement that he had a convenient loss of memory. His condition was not of one having hallucinations or as a person unable to confabulate. We find no error in the action of the trial judge in admitting the proffered confession.

■ The appellant's second issue is without merit. In order to clarify what has apparently not been recognized by counsel, we take this opportunity to discuss the applicability of RCr 9.78 to an issue such as is now presented. RCr 9.78 provides:

"If at any time before trial a defendant moves to suppress, or during trial makes timely objection to the admission of evidence consisting of (a) a confession or other incriminating statements alleged to have been made by him to police authorities or (b) the fruits of a search, the trial court shall conduct an evidentiary hearing outside the presence of the jury and at the conclusion thereof shall enter into the record findings resolving the essential issues of fact raised by the motion or objection and necessary to support the ruling. If supported by substantial evidence the factual findings of the trial court shall be conclusive."

The effect of RCr 9.78 is to obviate the procedural requirement of submitting the issue of voluntariness of a confession to a jury following the determination of that issue by the trial judge. Consequently, since we have held in this opinion that the trial judge found that appellant's confession is admissible, it follows that there was no error in his failure to present the issue of voluntariness to the jury. The finding of the trial judge is conclusive and an admonition to the jury was unnecessary.

■ As a final point of error, the appellant alleges that he is entitled to a new trial because he received ineffective assistance of counsel in the trial court.

This issue has never been presented to the trial court for consideration. For this reason it may not be considered by this court. *Huff v. Commonwealth*, Ky., 560 S.W.2d 544 (1977). Cf. *Potts v. Kentucky*, 435 U.S. 919, 98 S.Ct. 1480, 55 L.Ed.2d 513

(1978), wherein the Supreme Court of the United States "dismissed for want of a substantial federal question" an appeal from the Kentucky Court of Appeals, in which the Kentucky court held, in an unpublished opinion, that the issue of ineffectiveness of counsel could not be raised for the first time on appeal when it has never been presented to the trial court. The effect of the dismissal by the Supreme Court affirms the opinion of the Kentucky Court of Appeals on the merits of the case. *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

The judgment is affirmed.

All concur.