Robert Bernard DIEHL, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

June 14, 1984.

Chris B. Seaman, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant, Robert Bernard Diehl, Jr., was convicted in the Jefferson Circuit Court of three counts of burglary in the second degree and six counts of receiving stolen property. After finding that Diehl was also a first-degree persistent felon, the jury recommended that the sentences on each count be enhanced to 20 years' imprisonment. The trial court ordered that the sentences be served concurrently. Diehl appeals from the judgment of the Jefferson Circuit Court as a matter of right.

Diehl first attacks the trial court's ruling that the Commonwealth would be permitted to use Diehl's prior burglary convictions to impeach his testimony if Diehl

should choose to testify in his own behalf. This two-pronged attack is based upon the remote nature of the convictions and upon a decision by the Kentucky Court of Appeals in *Richardson v. Commonwealth*, Ky.App., (rendered June 16, 1983), discretionary review granted.

■ Because his earlier convictions had occurred ten and twelve years prior to this trial, respectively, Diehl argues that they were too remote in time to be used for impeachment purposes. The determination as to whether prior felony convictions are too remote in time to be used to impeach a witness' testimony rests within the sound discretion of the trial court. We have previously upheld rulings allowing convictions dating from ten to fifteen years before trial to be used for impeachment purposes. *Butler v. Commonwealth*, Ky., 560 S.W.2d 814 (1978); *Martin v. Commonwealth*, Ky., 507 S.W.2d 485 (1974); and *Bogie v. Commonwealth*, Ky., 467 S.W.2d 767 (1971). There was no abuse of discretion by the trial court in the instant case.

■ In *Richardson*, supra, the Court of Appeals held that a prior conviction for burglary could not be used to impeach a defendant who stood accused of burglary. Diehl's argument that he should be allowed a new trial wherein his previous burglary convictions could not be used to impeach him would be sound if the Court of Appeals' decision in *Richardson* was the law of this Commonwealth. However, we reversed that ruling by our decision in *Commonwealth v. Richardson*, Ky., —— S.W.2d —— (rendered this date, June 14, 1984). In that opinion, we held that a person accused of burglary could be impeached by a prior burglary conviction, provided that the trial court determines that the defendant will not be unduly prejudiced by the introduction of such evidence. There was no error in the trial court's ruling that Diehl's prior burglary convictions could be used to impeach his credibility should he decide to take the stand.

Diehl's second contention is that the trial court erred by refusing to allow Mrs. Diehl to testify, at trial, that her consent to

search their residence and automobile was involuntary. During police questioning, Mrs. Diehl executed "consent to search" forms allowing searches of the Diehls residence and automobile. Several items of incriminating evidence were seized during these searches. Prior to trial, Diehl moved to suppress the introduction of these items on the ground that Mrs. Diehl's consent to search these areas had not been made voluntarily. The trial court then conducted a pre-trial suppression hearing concerning the fruits of the searches. Although Mrs. Diehl's testimony concerning this issue would seem vital to such a hearing, she was not called. After hearing evidence on the matter, the trial court concluded that Mrs. Diehl had voluntarily consented to the searches and ruled that the items of evidence seized were admissible.

■ Mrs. Diehl was called to testify during the defense's case-in-chief. When defense counsel attempted to question her concerning the involuntary nature of her consent, the trial court ordered counsel to discontinue that line of questioning. Diehl claims that this action was prejudicial error. RCr 9.78 is dispositive of this argument. Where a pre-trial suppression hearing is conducted to determine the admissibility of fruits of a search, the trial court's findings of fact are conclusive as to the issues raised, if supported by substantial evidence. Cf. *Hamilton v. Commonwealth*, Ky., 580 S.W.2d 208 (1979). Here, there was testimony by the police officers involved and the "consent to search" forms were introduced into evidence. This constituted substantial evidence that consent was voluntarily given; therefore, there was no error in the court's refusal to submit the issue to the jury.

■ Diehl's final claim of error concerns the trial court's order that Diehl could not attack the validity of his prior convictions during the PFO phase of the trial. Diehl was represented by Honorable Ray Karem during the guilt portion of the trial. On the morning following the jury's verdict of guilty on the substantive charges, Honora-

ble Murray Turner appeared in court and informed the court that Diehl's family had asked him to represent Diehl during the PFO portion of the trial, replacing Karem as the attorney of record. After a lengthy bench conference, the trial court allowed Turner to join Karem as co-counsel. Turner then moved the court for a 24-hour continuance so that he could confer with Diehl concerning the validity of Diehl's previous convictions. The motion was denied, but the court allowed a one-hour recess for this purpose. After this recess, Turner objected to the introduction of Diehl's 1971 conviction on the ground that his plea of guilty had not been knowingly and voluntarily entered at that time. Turner also pointed out that the record concerning the 1971 conviction was silent on the issue. The trial court overruled the objections and allowed that conviction to be introduced into evidence. The question of the validity of a prior conviction is a preliminary matter and any attack on its validity must be made prior to trial. *Commonwealth v. Gadd,* Ky., 665 S.W.2d 915 (1984). The trial court acted properly in refusing to allow such an attack during the PFO phase.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.