**Chester R. BELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 7, 1984.

Case Ordered Published by Court of Appeals Oct. 26, 1984.

Discretionary Review Denied Feb. 20, 1985.

Sanford L. Berman, Frockt & Klingman, Appellate Public Advocate, Louisville, for appellant.

David L. Armstrong, Atty. Gen., William L. Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, WILHOIT and DUNN, JJ.

DUNN, Judge.

Bell appeals from a Christian Circuit Court judgment entered on a jury verdict convicting him of second degree manslaughter of his infant son, Anthony, and sentencing him to 18 years imprisonment. He argues three points of error: 1) failure to suppress what he maintains was his involuntary statement, 2) failure to grant his motion for change of venue, and 3) admission of medical records containing improper opinion evidence. We disagree in each instance and affirm.

About 7 P.M. on September 30, 1982, Bell, on leave from the U.S. Army, brought Anthony to Ft. Campbell Hospital emergency room in a comatose state. The admission diagnosis was that of acute subdural hematoma (blood on the brain), respiratory arrest, non-accidental trauma, with suspected maltreatment child syndrome. The child was transferred to Vanderbilt University Hospital where he died two days later on October 2, 1982. An autopsy indicated the cause of death was cerebral trauma with subdural and brain hemorrage, left. In lay terms, this means that the cause of death was from a blow, or blows, to the head. The child also had three broken ribs.

After being advised of his rights, on October 4, 1982, Bell gave a statement to the police. He admitted that on the day he brought Anthony to the hospital he had hit him on the head twice with his open hand,

held him by one leg hitting Anthony's head against the wall, and while carrying him by one leg, head downward, from one room to another, banged the child's head against a door facing.

■ He maintains that the trial court erred in failing to suppress this statement in that it was not voluntarily made because of his "emotional state" at the time it was given. To buttress this argument, he points out that the police officer who took the statement had noted "extreme emotion" regarding appellant. However, the transcript of a hearing the trial court conducted to determine the statement's voluntariness, other than the officer's note, is devoid of any evidence that would establish that appellant was under such emotional distress as to render the statement involuntary. We will, therefore, not disturb on appeal the trial court's finding that the statement was voluntarily made. RCr 9.78; *Hamilton v. Commonwealth,* Ky., 580 S.W.2d 208 (1979).

■ He bases his change of venue contention of error on the great publicity given in the trial court's geographical area to another case of like or similar circumstances. However, he did not request a change of venue of the trial court by motion or otherwise. He did move for a continuance based on that publicity, but, even if that motion was considered as a motion for a change of venue, he did not file any verified affidavit or a verified petition in support of it as required by KRS 452.220(2).

■ Bell's allowance of error on the admission of the medical records is specifically directed to their inclusion of the diagnosis of battered child syndrome in three documents. He maintains the conclusion embodied in this diagnosis, or, if you please, opinion, is the ultimate conclusion that should have been reserved for the jury's determination in its decision as to Bell's involvement in the child's death. We disagree.

The ultimate question of fact for the jury's determination was not was the child abused, as he obviously was, but whether or not Bell caused his death. There seems to be no Kentucky case that addresses the issue of the admissibility in a criminal prosecution for the death of a child of a medical opinion that a child suffered from battered child syndrome. Cases from other jurisdictions are split on the issue. Annot., 98 A.L.R.3d 306 (1980).

In this case, we find no prejudicial error in the admission of the physicians' opinions that Anthony suffered from battered child syndrome. Bell's conviction did not result from this proof, or the use of these terms. The injuries which ultimately caused the child's death were the result of Bell's admitted mistreatment of the child. Even if these opinions had been omitted from the evidence, Bell's admission provided more than sufficient evidence upon which the jury could base its finding of guilt.

The Judgment of the Christian Circuit Court is AFFIRMED.

All concur.