Major CRANE, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 28, 1985.

As Corrected March 1, 1985.

Rehearing Denied June 13, 1985.

Frank W. Heft, Jr., Chief Appellate Defender of the Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender, Louisville, for appellant; Daniel T. Goyette, Deputy Appellate Defender, Louisville, of counsel.

David L. Armstrong, Atty. Gen., John S. Gillig, Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was convicted of wanton murder of the clerk of a liquor store during a robbery, and sentenced to 40 years imprisonment. The single issue on this appeal concerns a confession by the appellant, and poses a question of first impression.

Prior to trial, appellant moved to suppress his confession pursuant to RCr 9.78, which reads:

**Rule 9.78. Confessions and searches—Suppression of evidence.**—If at any time before trial a defendant moves to suppress, or during trial makes timely objection to the admission of evidence consisting of (a) a confession or other incriminating statements alleged to have been made by him to police authorities or (b) the fruits of a search, the trial court shall conduct an evidentiary hearing outside the presence of the jury and at the conclusion thereof shall enter into the record findings resolving the essential issues of fact raised by the motion or objection and necessary to support the ruling. If supported by substantial evidence the factual findings of the trial court shall be conclusive.

The trial judge conducted a lengthy hearing and denied the motion to suppress, finding the confession to be voluntary. He made extensive findings of fact and conclusions of law covering the hearing and the contentions of the appellant that: There was no coercion or sweating; there was no overreaching by the interrogating officers; there was no inordinate or undue delay; the detention was normal and not under repressive circumstances; despite his youth, appellant had numerous exposures to the authorities and was "street wise"; and appellant was fully informed of and understood his rights.

At trial, appellant did not testify, but sought to introduce through the interrogating officers, before the jury, the same evidence of the circumstances surrounding the taking of the confession, which evidence was denied upon motion by the Commonwealth.

It is important to note the request of the appellant and the ruling of the court. By avowal testimony and argument to this court, appellant designates that his intention was to elicit such information as the length of time appellant was detained, the size of the room in which he was questioned, the number of officers present, the absence of a member of his family or a social worker, etc. The effect of the ruling of the trial court was that this evidence related solely to voluntariness and would not be admitted. However, the trial court specifically ruled that counsel for appellant could develop any evidence from any source, including the interrogating officers, relating to "credibility and inconsistencies." It is also noteworthy that appellant concedes that he was allowed to fully develop the "inconsistencies and mistakes of fact" in the confession. However, he contends that, although under our law the jury is not permitted to pass upon the voluntariness issue, the circumstances under which the confession was given should be admitted in order to reflect upon credibility.

The roots of this case are firmly implanted in *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), and *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). These cases, in essence, provide that an accused must be permitted to attack the admissibility of evidence such as a confession or the fruits of a search before that evidence is introduced at trial. The several states are left to their own procedure as long as adequate safeguards are prescribed. Two general categories have evolved through the years which are approved by these two cases. One of these has been designated as the

"orthodox" rule, under which Kentucky has cast its lot with the enactment of RCr 9.78. The orthodox rule provides that the trial judge *alone* shall determine the voluntariness of a confession or the admissibility of the fruits of a search.[1] The other rule is known as the Massachusetts or federal rule, under which the judge makes the original determination of voluntariness and, if the evidence is admitted, the circumstances of the confession (or consent to search) are placed in evidence with the advice that the jury may consider the evidence only if it finds that the confession or consent was voluntary.

Under the orthodox rule, a certain procedure has developed. The trial judge first conducts an evidentiary hearing on voluntariness, but is admonished by the United States Supreme Court that the judge cannot consider the reliability, credibility or authenticity of the confession in determining its voluntariness. See *Lego v. Twomey, supra,* at 404 U.S. 484, 92 S.Ct. 624, Footnote 12. Then, in some cases, the jury is permitted to hear the same evidence, usually without testimony of the defendant, but advised they cannot consider voluntariness but may consider only that evidence which relates to credibility. The Supreme Court acknowledges that these separations are difficult.

The history of these suppression hearings in Kentucky is likewise of importance. Following *Jackson v. Denno, supra,* this court decided the case of *Bradley v. Commonwealth,* Ky., 439 S.W.2d 61 (1969). See also *Britt v. Commonwealth,* Ky., 512 S.W.2d 496 (1974). This court adopted RCr 9.78, effective January 1, 1978, subsequent to our decision in *Bradley, supra,* and clearly modifies the procedural requirements announced in that case.

It is the opinion of this court that there was no error in excluding from the jury the circumstances relating solely to voluntariness. As we said in *Diehl v. Common-*

---

**1.** Cf. *Diehl v. Commonwealth,* Ky., 673 S.W.2d 711 (1984), in which this court held there was no error in excluding testimony before the jury concerning the voluntariness of a consent to

search where the judge had ruled, upon substantial evidence, that the consent was voluntary. In this case we ruled that the findings of the judge were conclusive as to the issue raised.

*wealth, supra,* the findings of the trial court were conclusive on that issue. In this case, appellant was permitted to show, upon examination of an interrogating officer, that the confession contained a misdescription of the weapon used in the homicide; that it spoke of a burglar alarm when there was none; that it told of taking money from a cash drawer when none was taken, and spoke of a gun being fired which had not been fired. Appellant was permitted to question the officer about suggesting material to the appellant during a break in the taping process. It is our further opinion that the excluded testimony related solely to voluntariness. It did not relate to the credibility of the confession, but to the credibility of the trial judge and his ruling on voluntariness, the latter being the function of the appellate court, not the jury.

The dangers inherent in admitting evidence before the jury concerning the circumstances attendant to taking the confession are obvious. We have previously spoken of the difficulty in separation of those factors relating to voluntariness and those relating to credibility, and feel this separation is best vested in the hands of the trial judge and not in the minds of the jurors. Second, the issue of voluntariness is a settled issue, no longer debatable except on appeal. Third, the evidence offered is usually selective when the defendant fails to take the stand, so his previous experiences with the law, his knowledge of interrogating procedures, his familiarity with Miranda rights, etc. are excluded.

It is the holding of this court that, once a hearing is conducted pursuant to RCr 9.78 and a finding is made by the judge based upon substantial evidence that the confession was voluntary, that finding is conclusive and the trial court may exclude evidence relating to voluntariness from consideration by the jury when that evidence has little or no relationship to any other issue. This shall not preclude the defendant from introduction of any competent evidence relating to authenticity, reliability or credibility of the confession.

The judgment is affirmed.

All concur except LEIBSON, J., who dissents and files a dissenting opinion, and STEPHENSON, J., who did not sit.

LEIBSON, Justice, dissenting.

Respectfully, I dissent. There is no articulable distinction between evidence relative to voluntariness and evidence relevant to credibility. Evidence that a confession was coerced, of physical or psychological intimidation surrounding the taking of the confession, is relevant to its credibility. It bears on its truthfulness.

The fact that the trial judge has already considered the same evidence in making a decision whether to admit or exclude the confession makes no difference. Neither does the fact that under RCr 9.78 it is solely the function of the judge to decide whether to admit the confession.

The jury must still decide guilt. The same evidence that the judge heard in deciding to admit the confession must now be heard a second time before the jury, because the evidence bears on the credibility of the confession, an essential consideration in deciding guilt. The judge's decision about coercion does not preempt the jury's need to consider evidence about coercion in deciding guilt.

The fundamental principle which we should apply has been summarized in Lawson, *Kentucky Evidence Law Handbook,* § 1.10(A) (2nd ed. 1984), as follows:

"Multiple Purposes: Evidence that would be admissible if used by the jury for one purpose but inadmissible if used for another purpose should be admitted when offered for the proper purpose."

The trial judge's decision that the confession was not involuntary, or that he rejects the evidence of coercion, has no bearing on its subsequent use before the jury as relevant to the credibility of the confession.

RCr 9.78 was enacted to bring our procedure in compliance with United States Supreme Court decisions in *Jackson v. Den-*

*no,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and its progeny, which includes *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

*Jackson* in 1964 mandated a pretrial hearing procedure at which the trial judge must decide on the admissibility of a confession when challenged as involuntary. Only then will the jury be permitted to consider it. Following *Jackson* there was confusion as to whether *Jackson* eliminated any further need for the jury to consider voluntariness as a threshold before considering the confession. But this threshold question has no bearing on the relevance of such evidence to the credibility issue.

During the period while there was confusion about the meaning of *Jackson,* we adopted the *Bradley* rule. *Bradley v. Commonwealth,* Ky., 439 S.W.2d 61 (1969). This rule gave the accused a second bite at the threshold issue as whether the confession should be entirely disregarded. We stated that even though the trial judge has decided the evidence was admissible:

> "[T]he trial court should admonish the jury not to consider the evidence unless it finds beyond a reasonable doubt that the defendant freely and voluntarily consented...." 439 S.W.2d at 64.

The effect of RCr 9.78, effective January 1, 1978, is to eliminate the *Bradley* procedure, the jury's second bite at the suppression issue. But the 1978 change did not, and could not, restrict the admissibility of evidence regarding the circumstances surrounding the taking of a confession. Once the confession has been admitted into evidence, this evidence is relevant to the weight and credibility of that confession. Our holding to the contrary is not just a matter of misinterpreting RCr 9.78. It is a constitutionally impermissible interference with the accused's right to challenge the credibility of the evidence against him.

*Lego v. Twomey, supra,* serves to clarify the confusion which followed *Jackson v. Denno.* It explains that the rule in *Jackson* does not limit the defendant's right to present the same evidence which the judge has considered and rejected at the time he decided voluntariness when ruling on the admissibility of the confession. Such evidence may be offered *once more before the jury,* so that the jury may now weigh this same evidence in considering the credibility of the confession, even though the confession has been admitted into evidence. *Lego* states:

> "A defendant has been as free since *Jackson* as he was before to familiarize a jury with circumstances that attend the taking of his confession, including facts bearing upon its weight and voluntariness. In like measure, of course, juries have been at liberty to disregard confessions that are insufficiently corroborated or otherwise deemed unworthy of belief." 404 U.S. at 485–86, 92 S.Ct. at 625.

*Lego* explains the reason that such evidence is admissible a second time as follows:

> "Nothing in *Jackson* questioned the province or capacity of juries to assess the truthfulness of confessions. Nothing in that opinion took from the jury any evidence relating to the accuracy or weight of confessions admitted into evidence." 404 U.S. at 485, 92 S.Ct. at 625.

Thus *Lego* explains that the United States Supreme Court's purpose in *Jackson* in requiring a preliminary suppression hearing was to keep confessions from coming before the jury, *whether true or false,* if involuntarily obtained. The jury must still consider whether the confession is true, and evidence of coercion bears directly on the question. The Supreme Court states that the *Jackson* "case was not aimed at reducing the possibility of convicting innocent men." *Lego, supra* at 485, 92 S.Ct. at 624. As restated in the headnote to *Lego v. Twomey:*

> "4. The rule excluding coerced confessions from evidence does not preclude an accused, once his confession is admitted in evidence, from familiarizing the jury with the circumstances surrounding the confession, including facts bearing on its weight and voluntariness, and does not preclude the jury from disregarding a confession which is insufficiently corrob-

orated or otherwise deemed unworthy of belief." 404 U.S. at 486, 92 S.Ct. at 625, 30 L.Ed.2d at 619–20.

The majority opines that there are two rules on this subject, an "orthodox" rule followed in Kentucky and a "Massachusetts or federal rule" which, presumably, is different. There may be room for two procedures; one where the trial judge alone decides on admissibility, and a second where after the trial judge decides to admit the confession, the jury is instructed to consider voluntariness a second time as a threshold before considering the confession. But either way the jury may still consider evidence of coercion as bearing on the weight to be given a confession. The only difference is that in one case there would be no separate instruction to the jury to consider voluntariness as a threshold to be crossed before giving any consideration to the confession.

In *Hamilton v. Commonwealth*, Ky., 580 S.W.2d 208 (1979), we state:

"The effect of RCr 9.78 is to obviate the procedural requirement of submitting the issue of voluntariness of a confession to a jury following the determination of that issue by the trial judge.... [I]t follows that there was no error in [the trial court's] failure to present the issue of voluntariness to the jury." 580 S.W.2d at 210.

This case says "to present the *issue* of voluntariness to the jury," but nothing about presenting evidence of coercion to the jury. It means only that there is no need to *instruct* the jury to consider voluntariness as a threshold issue before considering the confession. This has nothing to do with the duty to admit evidence bearing on the credibility of the confession, and coercion fits squarely under that heading.

*State v. Orscanin*, 266 N.W.2d 880 (Minn.1978) illustrates the meaning of "the so-called 'orthodox rule,'" which Kentucky has adopted. It explains that the court's preliminary hearing considering voluntariness is conclusive as to "whether the confession is admissible." *Id.* But it further explains:

"[I]f it is admissible, the court admits it *and evidence surrounding the making of the confession*. It does not invite the jury to deliberate on the issues relating to admissibility, but only on *those relating to weight and credibility*." 266 N.W.2d at 881. (Emphasis added.)

We have gone an impermissible step further. We not only withdraw from the jury any further consideration of admissibility, but we also withdraw any further consideration of "those [issues] relating to weight and credibility." *Id.*

There is an obvious distinction between the situation with regard to voluntariness of a confession and the situation with regard to consent to search. Whether the consent to search was voluntary or not is completely unrelated to the credibility of the evidence obtained in the search. Both situations are the same in that if the trial court finds that the confession was obtained as a result of coercion or the search conducted by coercion, the evidence should be suppressed. The difference is that effecting a search by coercion has no bearing on the credibility of the physical evidence obtained as a result of the search, but obtaining a confession by coercion has a direct bearing on the credibility of the confession. *Diehl v. Commonwealth*, Ky., 673 S.W.2d 711 (1984), cited in the majority opinion, is not dispositive of the issue before us. It is inapposite.

This case should be reversed and remanded with directions that, regardless of the trial judge's finding of fact as to the admissibility of the confession, the jury should be permitted to consider evidence of coercive circumstances surrounding its taking.