**Dennis T. LEAVELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–SC–60–MR.**

Supreme Court of Kentucky.

Oct. 15, 1987.

Glenn E. Acree, McBrayer McGinnis Leslie & Kirkland, Lexington, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Leavell of trafficking in marijuana. He was sentenced to ten years and his sentence was enhanced to twenty years upon the finding by the jury that he was a persistent felony offender in the second degree.

The questions presented are whether the trial judge committed reversible error by overruling a motion to suppress evidence obtained by a warrantless search of his person and his brief case, and whether the trial court committed reversible error in refusing to grant a motion for directed verdict on the constructive possession issue.

A security guard at the Lexington Hilton was alerted to the presence of two shabbily dressed men who entered the hotel with an expensive-looking briefcase. The men did not stop at the registration desk but proceeded directly towards the guest rooms. The security guard, who was an off-duty policeman, followed the men and observed them knock on the door to Room 206 where they were immediately admitted. Listening outside the door, the detective heard one of the men say "you brought the suitcase" and "it's all here" and "this is the only way to make any money." Suspecting a drug transaction in progress, the officer left and called for assistance. A city detective arrived shortly thereafter and both officers returned to Room 206 where they overheard the words "cocaine" and "fifty-thousand dollars." They then left and sought additional police backup. The officers did not stop the suspects until they attempted to leave the hotel where Leavell, who was wearing a waist length jacket and blue jeans, and a co-defendant, Edwards, were halted and frisked at the entrance. An automobile ignition key was found in Leavell's right hand and a small, unusually wrapped, packet of marijuana was in his pants pocket. He was arrested for possession of marijuana, and the police opened his brief case and found a number of bank money wrappers, a calculator and another car key.

After the arrest, the officers obtained a pass key for the room and found a key to the trunk of a car on the floor as well as other items. The officers sent for a search warrant for the hotel room and for a car in the parking lot which was registered to Moran, who had rented Room 206. Ninety pounds of marijuana were found in the trunk of the car opened by the key found on the hotel room floor. Moran was later arrested at a nearby motel and had in his possession a briefcase containing approximately $48,000 in cash. Edwards was acquitted because of insufficient evidence and Moran testified against Leavell, who was convicted.

This Court affirms the judgment of the circuit court.

The trial judge did not commit reversible error in denying the motion to suppress evidence found on the person of Leavell and in his briefcase.

■ The search of the defendant's person and the resulting seizure of the marijuana was reasonable under the Fourth Amendment and properly incident to a lawful arrest. The officers had stopped Leavell on the basis of probable cause to believe that he was engaged in criminal activity. There was probable cause for the search and the fact that the officers had overheard the conversation in the hotel room relative to drugs and $50,000 were sufficient particular facts from which the officers could reasonably infer that the individuals were armed and dangerous.

■ The search of the briefcase of Leavell was proper. He testified that he did not consent to the search and that he refused to give the officers the combination to the lock. The police testified at the suppression hearing that Leavell consented to the search of the briefcase and when the officers could not open the lock, he offered to open it for them. The police refused because they could hear a hard object bouncing around inside the briefcase and they feared that it might be a weapon.

■ Leavell was not entitled to a directed verdict because he was in constructive possession of the marijuana found in the trunk of the car. At the time of his arrest, Leavell had in his right hand the ignition key to the automobile. This key would not open the doors or the trunk of the car. Although no evidence was introduced concerning whether the doors of the car were locked or whether the interior of the car had a trunk-release lever, the testimony indicated that it was the car owner's intention to transfer control of the auto to Leavell.

Moran, who had parked the car on the hotel lot, testified that he separated the trunk and ignition keys and gave them both to Leavell. He stated that in prior drug transactions with Leavell, the defendant had driven Moran's car away, removed the marijuana, and then returned the car to the hotel parking lot. Moran said he intended for Leavell to follow the same procedures on the night they were arrested.

The person who owns or exercises dominion or control over a motor vehicle in which contraband is concealed, is deemed to possess the contraband. *United States v. Vergara*, 687 F.2d 57 (5th Cir.1982). Leavell was prevented from taking actual physical custody of the car only by the intervention of the arrest. Although the transaction was illegal, Leavell had already paid Moran for the marijuana and it clearly belonged to him at the time of his arrest regardless of his inability to have immediate access to the contraband. *Cf. Rupard v. Commonwealth*, Ky., 475 S.W.2d 473 (1971). Consequently, sufficient evidence exists to support a conviction and the directed verdict motion was properly denied.

The judgment of the circuit court is affirmed.

GANT, STEPHENSON and VANCE, JJ., concur.

LAMBERT, J., concurs by separate opinion.

LEIBSON, J., concurs in results only by separate opinion.

STEPHENS, C.J., dissents by separate opinion.

LAMBERT, Justice, concurring.

I write separately to express my disagreement with that portion of the majority opinion which upholds the search of Leavell's person as incident to a lawful arrest. I do not believe this search may be characterized as incident to an arrest, but should instead be analyzed under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Based on the conversation overheard at the hotel room door, the officers became reasonably suspicious of criminal activity. Under *Terry*, such a suspicion is sufficient to justify further investigation and a pat-down search solely for the purpose of discovering weapons. Thus, the initial detention and pat-down was permissible, but the officers exceeded the scope of *Terry* when they removed a small package of marijuana from inside the watch pocket of Leavell's blue jeans. *Johantgen v. Commonwealth*, Ky.App., 571 S.W.2d 110 (1978). In over-

ruling Leavell's motion to suppress, the trial court did not find that the police officers believed the watch pocket contained a weapon. To sustain this warrantless search, such a finding would be necessary, and its absence is fatal to the Commonwealth's contention that the search was lawful. *Gallman v. Commonwealth,* Ky., 578 S.W.2d 47 (1979). Thus, the small bag of marijuana should have been excluded from the evidence at trial.

The majority has attempted to justify the search of Leavell's person as incident to his arrest. Before an arrest may be made under these circumstances, there must be probable cause. Without probable cause to make the arrest, there can be no lawful search incident thereto. *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). At the time Leavell was searched, the police officers' suspicion was based on his shabby appearance and the conversation overheard at the hotel room door. This was insufficient to justify his arrest or detention for anything more than a limited investigation and a *Terry* search. Not until the package of marijuana was discovered and removed from the inside of Leavell's pocket did the police have probable cause to arrest him. The result is that Leavell was unlawfully searched and then arrested for contraband illegally seized. Such a practice is impermissible. As the Supreme Court stated in *Sibron v. New York,* 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917, 934 (1968):

> It is axiomatic that an incident search may not precede an arrest and serve as part of its justification.

Despite my belief that the search of Leavell's person and the seizure of marijuana from his pocket was unlawful, I nevertheless believe the conviction should be affirmed. During the course of the stop, pat-down search, and investigation, the police officers asked Leavell to open the briefcase. His response was ambiguous, but the trial court found that Leavell gave his consent to the search of the briefcase.

As this finding is supported by substantial evidence, for purposes of our review, it is conclusive. RCr 9.78 and *Diehl v. Commonwealth,* Ky., 673 S.W.2d 711 (1984). Examination of the briefcase revealed one thousand dollar bill wrappers, a calculator, and a General Motors car key.* This discovery, coupled with the overheard conversation, created probable cause to obtain a warrant for the search of the hotel room and automobile. The search of the automobile revealed ninety pounds of marijuana and this formed the basis of Leavell's conviction.

In addition to the strong physical evidence in this case, there was corroborative testimony from Tom Moran. The evidence of defendant's guilt is so overwhelming that even if the trial court had suppressed the small package of marijuana, Leavell's conviction for trafficking in marijuana would have nevertheless occurred. I am pursuaded, therefore, that the error in the admission of this evidence was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) and *Blake v. Commonwealth,* Ky., 646 S.W.2d 718 (1983).

LEIBSON, Justice, concurring.

I concur in results only.

In my judgment the opinion as written stretches the facts beyond reasonable limits.

The search of Leavell's person at the time he was stopped and before he was arrested went beyond the limits of a *Terry* search. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). There is no credible evidence the police thought that the packet removed could possibly be a weapon. However, I would hold that after a legitimate *Terry* stop, which this was, during a pat down search for weapons the police can remove any article that feels like it might be a weapon *or contraband.* We

---

* The trial court's findings as to the content of the briefcase is as follows:

> The defendant Leavell gave the police permission to open the briefcase. The police found money wrappers for $1,000 bills, a calculator and a General Motors car key.

should challenge the U.S. Supreme Court to extend the law to this extent.

STEPHENS, Chief Justice, dissenting.

The fourth amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Supreme Court carved a niche out of this guarantee when it decided *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The Court there determined that the need for police to protect themselves should be balanced with the rights of the individual suspect. To that end, they held that:

> where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area of conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

*Id.* at 3, 88 S.Ct. at 1871. Thus, an officer may "stop and frisk" the outer clothing to assure himself or herself that the suspect will not pull out a weapon. This authority does not, however, grant carte blanche to police officers to search anyone off the street for potentially incriminating evidence, simply because he or she appears suspicious.

In the case at bar, appellant was wearing shabby clothes in a nice hotel, he had just left a room of that hotel with an expensive attache case, and the police had overheard suspicious conversation through the door. These facts, viewed as a whole, create reasonable, articulable suspicions sufficient to allow an investigatory "stop and frisk." If

that had been the result, there would have been no error. However, the police exceeded the bounds of the permitted protective pat-down for weapons, and searched for other possible evidence of crime, to the point of even telling the suspect they were searching for drugs. Therefore, the small marijuana packet seized from appellant's pocket during the excessively intrusive search of his person should have been excluded as evidence at trial.

The majority contends that the search of appellant was justified, not under *Terry,* but as a search incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This exception is another niche carved out of the fourth amendment allowing some limited searches without warrants supported by full probable cause. To allow such an exigency, there must be a lawful, full-custodial arrest of the person searched. Further, such an arrest may be made for a felony only if supported by full probable cause to believe a felony has been committed and the suspect has committed it. *United States v. Watson,* 423 U.S. 411, 421, 96 S.Ct. 820, 826–27, 46 L.Ed.2d 598 (1976).

There was insufficient probable cause in the case at bar to support an arrest of appellant. To determine whether the probable cause is enough, one must examine all the facts and circumstances. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Although the facts as before listed in this opinion do tend to lead a police officer to reasonably conclude that criminal activity is afoot, they are certainly not enough to support a finding of probable cause. Thus, without the requisite probable cause to render an arrest valid, a search incident to this arrest must certainly fail to pass constitutional muster.

For these reasons, I respectfully dissent.