RENDERED:  SEPTEMBER 10, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0318-MR

DAJUAN QUARLES                                                    APPELLANT

v.

APPEAL FROM CHRISTIAN CIRCUIT COURT
HONORABLE JOHN L. ATKINS, JUDGE
ACTION NOS. 19-CR-00376 AND 19-CR-00640

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Dajuan Quarles brings this appeal from a February 5, 2020,

judgment of the Christian Circuit Court sentencing appellant to ten-years'

imprisonment.  We affirm in part, vacate in part, and remand.

On March 10, 2019, Officer Edward Eastman observed appellant

driving his motor vehicle on Nelson Drive in Hopkinsville, Kentucky.  Officer

Eastman initiated a stop of the vehicle because a bench warrant had been issued for

appellant's arrest. Upon stopping the vehicle, the officer requested that appellant step out of the vehicle while a passenger remained in the vehicle. The officer placed appellant under arrest and informed appellant that he smelled marijuana emanating from the vehicle. Due to the smell of marijuana, Officer Eastman told appellant that he intended to search the vehicle at which time appellant said, "go ahead." Upon the search, the officer recovered a rifle in the back seat covered by a jacket. Officer Eastman also discovered a .38 caliber handgun inside a backpack also located in the backseat.

Appellant was subsequently indicted upon possession of a firearm (handgun) by a convicted felon (Kentucky Revised Statutes (KRS) 527.040), possession of a firearm by a convicted felon (KRS 527.040), and with being a persistent felony offender in the second degree (KRS 532.080(2)).[1] A jury trial ensued, and appellant was found guilty of all indicted offenses. By judgment entered February 5, 2020, the circuit court sentenced appellant to ten-years' imprisonment. This appeal follows.

Appellant contends the circuit court erred by denying his motion for a directed verdict of acquittal upon possession of a firearm (handgun) by a convicted

---

[1] It must be noted that Kentucky Revised Statues (KRS) 527.040 criminalizes the possession of a firearm by a convicted felon. If the firearm is a handgun, the punishment is enhanced to a Class C felony from a Class D felony. A firearm is defined in KRS 527.010(4) as "any weapon which will expel a projectile by the action of an explosive," and KRS 527.010(5) defines handgun as a "pistol or revolver originally designed to be fired by the use of a single hand, or any firearm originally designed to be fired by the use of a single hand."

felon and possession of a firearm by a convicted felon.  In particular, appellant

claims the Commonwealth failed to demonstrate that he knowingly possessed the

two guns.  Appellant alleges that he was unaware that the two guns were inside the

vehicle and that the guns belonged to his passenger.  Appellant points out that the

passenger admitted to ownership of both guns; thus, appellant argues the evidence

demonstrated that the guns were not knowingly possessed by him.

A directed verdict of acquittal is proper when a reasonable juror could

not find defendant guilty of the offense beyond a reasonable doubt.  *See*

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).  When considering

the motion, all reasonable inferences from the evidence must be viewed in a light

most favorable to the Commonwealth.  *Id*.  Our review proceeds accordingly.

Kentucky Revised Statutes (KRS) 527.040 codifies the offense of

possession of a firearm by a convicted felon and provides, in relevant part:

> (1) A person is guilty of possession of a firearm by a
> convicted felon when he possesses, manufactures, or
> transports a firearm when he has been convicted of a
> felony, as defined by the laws of the jurisdiction in
> which he was convicted, in any state or federal court
> and has not:
>
> . . . .
>
> (2) (a) Possession of a firearm by a convicted felon is a
> Class D felony unless the firearm possessed is a
> handgun in which case it is a Class C felony.

Under KRS 527.040, possession of a firearm "may be proven through either actual possession or constructive possession." *Johnson v. Commonwealth*, 90 S.W.3d 39, 42 (Ky. 2002), *overruled on other grounds by McClanahan v. Commonwealth*, 308 S.W.3d 694, 698 (Ky. 2010). And, a person has constructive possession when he or she "does not have actual possession but instead knowingly has the power and intention at a given time to exercise dominion and control of an object, either directly or through others." *Id.*

At trial, the Commonwealth introduced evidence that appellant was driving the motor vehicle prior to the search and that the motor vehicle was registered to appellant. *See Leavell v. Commonwealth*, 737 S.W.2d 695, 697 (Ky. 1987) (holding that a "person who owns or exercises dominion or control over a motor vehicle in which contraband is concealed, is deemed to possess the contraband."). The evidence also established that the rifle was merely lying in the backseat with a jacket covering it. Although the passenger claimed the rifle belonged to him, it is clear that the rifle was within the reach of appellant as operator of the vehicle, and a reasonable inference from the evidence was that appellant knowingly exercised dominion and control over it. It was within the sole province of the jury to weigh this evidence and make reasonable inferences therefrom.

As to the handgun found in a backpack, the passenger of the vehicle initially disclaimed ownership thereof but later recanted. Based upon the conflicting evidence, the jury could have reasonably believed that the handgun was not owned by the passenger but by appellant. Considering the whole of the evidence, we are of the opinion that the Commonwealth introduced sufficient evidence demonstrating that appellant possessed both guns; thus, the circuit court properly denied appellant's motion for a directed verdict.

Appellant next asserts that his convictions of possession of a firearm by a convicted felon and possession of a firearm (handgun) by a convicted felon violated the constitutional prohibition against double jeopardy.[2] Appellant argues that the circuit court recognized same but failed to properly dismiss the lesser offense of possession of a firearm by a convicted felon.

In response, the Commonwealth argues that double jeopardy was not offended as the trial court indicated that the offense of possession of a firearm by a convicted felon was "merged into Count I." Judgment at 2.

The law is well-settled that double jeopardy is violated when a defendant is convicted of possession of a firearm (handgun) by a convicted felon

---

[2] We observe that the double jeopardy issue was unpreserved. However, the Kentucky Supreme court has held that "[a]n error made by a trial court that violates a defendant's rights against double jeopardy is considered *per se* manifest injustice, and therefore mandates reversal." *Breazeale v. Commonwealth*, 600 S.W.3d 682, 688 (Ky. 2020).

and possession of a firearm by a convicted felon if both arise from the same course of conduct. *Hinchey v. Commonwealth*, 432 S.W.3d 710, 714 (Ky. App. 2014); *see also Miracle v. Commonwealth*, No. 2016-CA-001620-MR, 2018 WL 3202821 (Ky. App. Jun. 29, 2018). The proper remedy for violation of double jeopardy is to vacate or dismiss the lesser offense. *Kiper v. Commonwealth*, 399 S.W.3d 736, 746 (Ky. 2012); *Lloyd v. Commonwealth*, 324 S.W.3d 384, 391 n. 26 (Ky. 2010); *Montgomery v. Commonwealth*, 505 S.W.3d 274, 280 (Ky. App. 2016).

Here, the offenses of possession of a firearm (handgun) by a convicted felon and possession of a firearm by a convicted felon against appellant clearly arose from the same course of conduct. In its judgment, the circuit court indicated that the offense of possession of a firearm was "merged." However, the circuit court should have either vacated or dismissed the offense of possession of a firearm by convicted felon. *See Kiper*, 399 S.W.3d at 746; *Lloyd*, 324 S.W.3d at 391 n. 26; *Montgomery*, 505 S.W.3d at 280. Although appellant's length of imprisonment will remain unchanged (ten years), we vacate the February 5, 2020, judgment and remand for the circuit court to dismiss appellant's conviction of possession of a firearm by a convicted felon. *See Hinchey*, 432 S.W.3d at 714; *Clark v. Commonwealth*, 267 S.W.3d 668, 678 (Ky. 2008).

For the foregoing reasons, the judgment of the Christian Circuit Court is affirmed in part, vacated in part, and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brandon Neil Jewell
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky